**DALE BOOK COMPANY, Inc., a Pennsylvania Corporation, Appellant,**

v.

**Howard R. LEARY, Individually and as Commissioner of Police for the City of Philadelphia et al., Appellees.**

**No. 15098.**

United States Court of Appeals
Third Circuit.

Argued March 7, 1967.

Decided Jan. 2, 1968.

Sam Rosenwein, Studio City, Cal. (Herman M. Barenbaum and Ethel S. Barenbaum, Philadelphia, Pa., and Stanley Fleishman, Hollywood, Cal., on the brief), for appellant.

Matthew W. Bullock, Jr., Second Deputy City Sol., Philadelphia, Pa. (Jerome R. Richter, Asst. City Sol., Edward G. Bauer, Jr., City Sol., Philadelphia, Pa., on the brief), for appellees.

Before McLAUGHLIN, HASTIE and FREEDMAN, Circuit Judges.

PER CURIAM.

In September 1963, the Philadelphia, Pennsylvania district attorney caused the arrest of a number of Philadelphia newsdealers, not parties to this action, and in accordance with a search warrant or warrants, numerous copies of nudist magazines which plaintiff had distributed to said newsdealers were seized. The arrests and seizures were made under the Pennsylvania obscenity law, P.L. 872, § 524 as amended, 18 P.S. § 4524. Plaintiff sued the Philadelphia Commissioner of Police, a Police Captain, two Police Officers, the District Attorney and one of his assistants, alleging violation of its civil rights. *As noted by the trial judge, plaintiff's attack in its complaint on the constitutionality of the Pennsylvania obscenity law was withdrawn by it at the hearing on its application for a preliminary injunction.* That application was heard on January 20, 1964.

It appeared clearly at the hearing and was so found by the judge that the de-

fendants had engaged in no actions effecting a prior restraint or censorship of the nudist publications distributed by plaintiff or in suppressing the dissemination of nudist publications distributed at wholesale by plaintiff and sold retail by its customer newsdealers.

The trial court found as facts that plaintiff had shown no threatened irreparable injury or any injury that could not be compensated in money damages. It held that it would not interfere in the pending state proceedings on the assumption that a Pennsylvania statute would be interpreted unconstitutionally; that it would not assume at the threshold of the state criminal proceeding that the Courts of Pennsylvania will not do justice; that there had been no showing that plaintiff's rights had been abridged by any final action of the Commonwealth of Pennsylvania or that its courts are not open to plaintiff for any civil remedies to which it may be entitled. The court therefore in the exercise of its discretion abstained "from granting a preliminary injunction and other relief sought by the plaintiff in view of the pending Pennsylvania criminal proceedings involving the subject matter of this suit." D.C., 233 F.Supp. 754. The court made contingent findings on the civil rights and obscenity questions of the complaint to be considered only if it be determined that it was in error on its abstention decision.

Thereafter plaintiff took the appeal now before us. Appellees' brief filed in this court made the flat statement "Even assuming arguendo that a cause of action has been stated by the complaint the action is now moot since all criminal prosecutions of the newsstand dealers have been terminated in their favor." It said further that on June 22, 1964 the United States Supreme Court in A Quantity of Copies of Books v. State of Kansas, 378 U.S. 205, 84 S.Ct. 1723, 12 L.Ed. 2d 809 (1964) had held that there may be no seizure of books prior to an adversary hearing before a court; that as a direct result of that decision the criminal prosecutions against the twenty-two news-

stand operators were terminated in their favor and that of appellant. Appellees point out that the instant proceeding depended upon those prosecutions and therefore is now moot.

We are satisfied that the district judge did not abuse his discretion in abstaining from deciding the merits of this suit. We are completely alert to the Supreme Court directive that abstention should be sanctioned only in narrowly limited special circumstances; that it cannot be sanctioned merely because a state court has concurrent responsibility. The special circumstances existent with respect to the pending litigation are that there are no problems whatsoever before us concerning the constitutionality of a state statute or whether such statute might be so construed as to avoid the constitutional question. Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L. Ed.2d 444, op. filed December 5, 1967. Nor do we have, as in Monroe v. Pape, 365 U.S. 167, 174, 81 S.Ct. 473, 5 L.Ed. 2d 492 (1961), the necessity for application of the federal remedy because "the state remedy though adequate in theory, was not available in practice." It should also be stressed that the district court did not abstain merely to allow the Pennsylvania court to proceed first with some doubtful administration remedy. McNeese v. Board of Education, 373 U.S. 668, 674–675, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963).

What we do have is an appellant whose base of complaint is the arrest of certain newsdealer customers and the seizure of some magazines it had distributed to them. The state actions not only were promptly processed but were all nolle prossed over three years ago. Under all the circumstances we hold that the cause of action for a temporary and a permanent injunction is moot. There is an allegation of damages in the complaint. It seems to us that in the light of the final dispositions of the criminal actions by the state court that if the matter of damages is to be pursued that it is strongly indicated that such claim should be dealt with by the same state court which passed upon the critical element on which the damage contention is founded.

We therefore affirm the judgment of the district court.