**Dennis David DECKER, Plaintiff,**

**v.**

**Dewey FILLIS, Chief of Police, Salt Lake City, Utah, D. C., McNair, E. W. Christensen, Police Officers, Salt Lake City, Utah, Charles R. Whitney, bailiff, Salt Lake City Court, Defendants.**

**No. C 208–69.**

United States District Court
D. Utah, C. D.
Nov. 26, 1969.

---

Thomas M. Burton, and Roger H. Thompson, Salt Lake City, Utah, for plaintiff.

Roger F. Cutler, Salt Lake City, Utah, for defendants.

## MEMORANDUM DECISION

CHRISTENSEN, District Judge.

Asserting jurisdiction under 28 U.S.C. §§ 1343(3), (4), 2201, 2202; 42 U.S.C. § 1983, and the Fourteenth Amendment to the Constitution of the United States, plaintiff sues here for a declaratory judgment that Salt Lake City Ordinance 32–1–16 is void, and for a permanent injunction enjoining the defendants from exercising any powers, rights or duties respecting its enforcement.

A motion to dismiss filed by the defendants already has been denied. The case comes before me now on the plaintiff's motion for summary judgment on the basis of answers to interrogatories which indicate the position of the defendants that the ordinance is in all respects valid and that the provisions under attack will continue to be enforced unless they are determined to be invalid by this court.

██ Plaintiff alleges that he is representative of a class too numerous to name or to bring before the court. Other than for this suggestion, and the claimed necessity of protecting others of the "class", the action is not entitled or brought as a class action, does not contain allegations essential to the maintenance of such an action, does not permit a reasonable definition of or notice to a defined class, and we shall therefore proceed to consider it as an action brought individually by the named plaintiff.

Salt Lake City Ordinance 32–1–16 reads as follows:

Sec. 32–1–16. Vagrancy defined. (1) A vagrant is every person (except an Indian) without visible means of support who has the physical ability to work, and who does not seek employment, nor labor when employment is offered him; or

(2) Every healthy beggar who solicits alms, as a business; or

(3) Every person who roams about from place to place without any lawful business; or

(4) Every person known to be a pickpocket, thief, burglar or confidence operator, either by his own confession, or by his having been convicted of either of such offenses, and having no visible or lawful means of support, when found loitering around any railroad depot, banking institution, broker's office, place of amusement, auction-room, store, shop, or crowded

thoroughfare, car, or omnibus, or at any public gathering or assembly; or

(5) Every idle or lewd, or dissolute person, or associate of known thieves; or

(6) Every person who wanders about the street at late or unusual hours of the night, without any visible or lawful business; or

(7) Every person who lodges in any barn, shed, shop, outhouse, vessel, or place other than such as is kept for lodging purposes, without the permission of the owner or party entitled to the possession thereof; or

(8) Every person who lives in and about houses of ill fame; or

(9) Every person who acts as a runner or capper for attorneys in and about police courts or city prisons; or

(10) Every common prostitute, and every woman who from the doorways on the streets, or any other place, solicits men for immoral purposes;

(11) Every common drunkard; or

(12) Every addict of the drug habit.

Any person who commonly practices or who follows the occupation of exacting money, tribute or support from any person by means of threats, or coercion, for any purpose whatsoever, shall be deemed a common vagrant.

It shall be unlawful for any person to be a vagrant within the limits of Salt Lake City.

Plaintiff was arrested for loitering and vagrancy and confined for twelve hours in jail. Several months later the complaints were dismissed for unspecified reasons by a city judge, and subsequent to the dismissals this action was brought. The complaint also alleges an established and present policy on the part of the local police to enforce the ordinance against a class of persons of which plaintiff is a member on the sole basis of their appearance, manner or circumstance. The complaints charged violation of subsection 3 of the ordinance which makes it unlawful to roam "about from place to place without any lawful business" and with a general violation of the vagrancy ordinance in that plaintiff had "no visible means of support, no money upon his person, nor place to stay."

In asserting that Salt Lake City Ordinance 32–1–16 defining the crime of vagrancy is unconstitutional because of vagueness and for other reasons, plaintiff claims that the defendant Fillis, through agents and employees of the Salt Lake Police Department, for a period of several months past has consistently implemented the policy of arrests and convictions under said ordinance with the intent and for the purpose of removing from the streets of the city a class of persons deemed by defendants to be undesirable solely because of the appearance, manner or circumstance without reference to any unlawful conduct. It is further asserted that the plaintiff since his arrest has continued and does intend to continue in Salt Lake City from time to time to roam about from place to place without any lawful business and to wander about the streets at late hours of the night without lawful business or visible means of support and that unless the ordinance is declared by this court to be unconstitutional and void and its enforcement by the defendants permanently restrained and enjoined, the plaintiff will continue to be threatened with arrest, incarceration and conviction in deprivation of privileges and immunities secured by the Constitution and laws of the United States.

It is further claimed that by reason of the enforcement of said ordinance against him, plaintiff has been damaged by having his movement restrained, being subjected to the indignity of arrest, and suffering the onus of criminal charges. I have concluded that the allegations concerning damages in their present form are insufficient to authorize that relief. There is no allegation that the officers making the arrest acted in bad faith or in unlawful conspiracy or that they had reason to know that the vagrancy ordinance was uncon-

stitutional in the context in which the arrests were made; nor is it even clear from the prayer of the complaint that damages are sought. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288. Cf. Monroe et al. v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492, and Herschel v. Dyra, 365 F.2d 17 (7th Cir. 1966). Upon an indication of this view at the oral argument plaintiff's counsel stated that should the court make a declaration of validity or invalidity of the ordinance under attack no amendment would be sought and any claim for damages would be waived.

The most difficult questions are whether this case is appropriate for a declaratory judgment, whether it presents a justiciable controversy and whether in any event the court should abstain until the state court has authoritatively ruled. Beyond, and subject to, the determination of these problems the solution is rather clear.

It is rather clear for the reasons hereinafter mentioned that the portions of the ordinance for the violation of which plaintiff was prosecuted and is in peril of prosecution again are unconstitutionally vague and invalid for overbreadth. I first entertained the view that the city court should not be deprived by me of the opportunity of formally conducting their last rites and much less if it already had, that I should not disinter the remains of the dismissed actions for the performance of an advisory autopsy. However, in view of the replies to plaintiff's interrogatories to the effect that the questioned provisions are still being enforced by the city, I have concluded that I should proceed to an adjudication in view of the considerations discussed below.

■ If the City Court of Salt Lake City had dismissed the complaints against plaintiff on the ground that the questioned provisions of the ordinance were invalid, there would be little justification to proceed here for it then could be presumed that plaintiff would have an adequate remedy in the event of a further attempt at enforcement. See Gold-

en v. Zwickler, 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969); Shuttlesworth v. City of Birmingham, 382 U.S. 87, 86 S.Ct. 211, 15 L.Ed.2d 176 (1965); Dale Book Company v. Leary, 389 F.2d 40 (3d Cir. 1968), and Brock v. Schiro, 264 F.Supp. 330 (E.D.La.1967). But the undisputed facts indicate otherwise.

■ Several recent Supreme Court decisions indicate that in the absence of special circumstances the abstention doctrine is inappropriate to preclude review under the declaratory judgment act of a state statute which appears on its face not to be susceptible to a limiting, constitutional construction. Zwickler v. Koota, 389 U.S. 241, 248–249, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967); Dombrowski v. Pfister, 380 U.S. 479, 489–490, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965) (dictum). Although a chilling effect upon the exercise of first amendment rights was present in these cases, the Supreme Court held that a showing of special circumstances was unnecessary there and that "abstention is not to be ordered unless the state statute is of an uncertain nature, and is obviously susceptible of a limiting construction." 389 U.S. at 251, 88 S.Ct. at 397. Thus, that the vagrancy ordinance can be tested under Utah's declaratory judgment act, Utah Code Ann. § 78–33–2 (1953), does not require abstention since "abstention cannot be ordered simply to give a state court the first opportunity to vindicate a federal claim." Ibid.

Although abstention is inappropriate in this case, it must still be determined that a "case of actual controversy" exists as an element essential to the issuance of a declaratory judgment under 28 U.S.C. § 2201.

■■ It is well recognized that the "chilling" effect of state prosecutions upon the exercise of free speech may provide an "actual controversy" even after the state prosecutions have been dismissed or otherwise become moot. Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116 (1965); Sheridan v. Garrison, 415 F.2d 699 (5th Cir. 1969); University

Committee to End the War in Viet Nam v. Gunn, 289 F.Supp. 469 (D.Tex.1968) (dismissal no bar); Baker v. Bindner, 274 F.Supp. 658 (D.Ky.1967). While here any chilling effect on the right of free speech is speculative, the chilling effect upon the other important rights of presence, movement and physical liberty itself is apparent. The court in *Golden v. Zwickler* distinguished Evers v. Dwyer, 358 U.S. 202, 79 S.Ct. 178, 3 L.Ed.2d 222 (1958), in which a Negro brought a class action seeking declaratory and injunctive relief against the enforcement of a state penal law which provided segregated seating arrangements on buses and under which he had never been prosecuted. The court held that the Negro was not required to ride the bus at the risk of arrest in order to establish an "actual controversy."

I have concluded that here there is a justiciable controversy to be appropriately resolved by declaratory judgment and that this court should not abstain.

 The provisions most intimately involved with the facts of plaintiff's arrest and the issuance of a complaint are those provisions which attempt to make idleness or indigency coupled with being able-bodied a crime. They would penalize economic condition or status, render mere lawful presence on the streets or in other public places in the absence of "business" there a crime, and certainly chill the liberty of lawful movement, presence and physical status by such an overbreadth of prohibition as to literally cover almost any person loitering or even window shopping on the streets, particularly in the nighttime. The differentiation among those to be prosecuted or not prosecuted is left almost entirely to the police without reasonable guidelines between lawful or unlawful status or conduct. They violate substantive due process under the Fourteenth Amendment. Goldman v. Knecht, 295 F.Supp. 897, 908 (D.Colo.1969); Hughes v. Rizzo, 282 F.Supp. 881 (E.D. Pa.1968); Territory of Hawaii v. Anduha, 48 F.2d 171 (9th Cir. 1931);

Smith v. Hill, 285 F.Supp 556 (E.D.No. Car.1968). *See* Powell v. Texas, 392 U.S. 514, 88 S.Ct. 2145, 20 L.Ed.2d 1254 (1968); Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962).

The entire city ordinance is attacked by plaintiff and a declaration of its total invalidity sought. Neither the pleadings nor the facts before me justify such broad relief. The established overbreadth of three provisions of the ordinance would not justify an overbreadth of relief here by a wholesale declaration of invalidity.

Subdivisions 1, 3 and 6 of Salt Lake City Ordinance 32–1–16 are hereby declared to be invalid. The court refrains from passing upon any of the other provisions of the ordinance because they are not thrown into question by the allegations of the complaint in this case. Indeed, a number of subdivisions seem hardly subject to serious question.

The plaintiff's counsel will lodge with the court within ten days a proposed form of summary judgment in harmony with this memorandum after its submission to counsel for defendants for consideration of approval as to form.