## STARNES v. CITY OF MILLEDGEVILLE et al.

### Civil Action No. 295.

District Court, M. D. Georgia,
Macon Division.

July 31, 1944.

Daniel Duke, H. A. Allen, and J. C. Miner, all of Atlanta, Ga., for plaintiff.

Wm. A. Bootle, of Carlisle & Bootle, of Macon, Ga., and Judge E. R. Hines and Marion Ennis, both of Milledgeville, Ga., for defendants.

DEAVER, District Judge.

After hearing this case upon application for a preliminary injunction, the Court makes the following findings of fact, conclusions of law and judgment:

## Findings of Fact

1.. R. E. Starnes, the plaintiff, is a citizen of the United States and a resident of Fulton County, Georgia.

2. The City of Milledgeville is a municipal corporation of the State of Georgia and all of the other defendants are residents of the Macon Division of the Middle District of the State of Georgia.

3. The plaintiff is an employee and agent of the United Steel Workers of America, which is a labor union affiliated with the CIO, the Congress of Industrial Relations, which labor union is hereinafter referred to as the Union, and the plaintiff draws a salary for his work as such agent and employee.

4. The Union sent the plaintiff to the City of Milledgeville, Georgia, some several days prior to May 16, 1944, for the purpose of organizing the employees of the Reynolds Corporation and accepting from them membership applications to said Union.

5. The Reynolds Corporation then had, and now has, a plant or place of business outside of, but near, the City of Milledgeville, Georgia.

6. At some time in the latter part of April or near the first of May, 1944, Mr. Burks Rentz rented certain office space in the Doctors Building, or Horne Building, in the City of Milledgeville, Georgia, and rented said space to be occupied by plaintiff. The plaintiff paid the rent on said office space for three months, the amount paid not appearing.

7. On May 16, 1944, the Mayor and Council of the City of Milledgeville passed and adopted an amendment [1] to a previously adopted license and tax ordinance, a copy of which said amendment is attached to plaintiff's petition as Exhibit "A" and which amendment is hereinafter some times referred to as the Ordinance.

8. Both before and after the passage and adoption of said Ordinance, and after the plaintiff had been advised of the passage of said Ordinance, and without applying for or obtaining the license called for by said Ordinance, the plaintiff pursued within the City of Milledgeville his business of organizing employees of the employer, Reynolds Corporation, into a labor union.

9. On May 17, 1944, the plaintiff was arrested by the police officers of the City

---

[1] See amendment set out in note at the end of this opinion.

of Milledgeville and charged with having violated said Ordinance in that he had done and conducted the business of organizing employees of an employer into a group, association, society and union without having paid the tax assessed by the Mayor and Aldermen of the City of Milledgeville for conducting said business and without applying for and obtaining a license to conduct said business within the City of Milledgeville, Georgia.

10. After said arrest, the plaintiff was locked up in the jail of the City and later released upon $100 bond and was given a very prompt trial before the Recorder of the City of Milledgeville.

11. In said criminal case before the Recorder of the City of Milledgeville, the plaintiff raised the same questions which he raises in the present case as to the constitutionality of said Ordinance.

12. The plaintiff went to trial, was convicted and was sentenced to pay a fine of $150 or in lieu thereof serve a term of 90 days in the public works camp in the City.

13. The plaintiff filed a timely petition for writ of certiorari which was sanctioned by the Judge of the Superior Court of Baldwin County, Georgia.

14. The said criminal case is now pending in said Superior Court and the identical constitutional questions involved in the present case in this Court are involved in said criminal case.

15. At or about the time of said arrest and trial, the plaintiff was told that the City of Milledgeville would make additional cases against him for any continued violation of the Ordinance and on June 1, 1944, the City of Milledgeville did make a second case against plaintiff, charging him with having again in the same manner violated said Ordinance, in which case he was arrested but not locked up, it not appearing whether bond was required or not.

16. The evidence does not show that the plaintiff has any legal interest in any delay in organizing the employees of the Reynolds Corporation if the enforcement of said Ordinance should cause such delay. The only interest of plaintiff shown by the evidence is his right to work for his salary as agent. The evidence does not show that his salary would cease if he did not work in the City of Milledgeville. It does not show that plaintiff's employment as agent was confined to the City of Milledgeville. It does not show that plaintiff

could not do similar work elsewhere or that he could not have continued the work of organizing the employees of the Reynolds Corporation outside the City of Milledgeville, the Reynolds plant being outside the City, until his criminal case should be decided. It does not show that it would be less convenient for plaintiff to carry on said work of organizing the employees of Reynolds Corporation outside the City of Milledgeville but proof of inconvenience, if made, would not be sufficient to establish "great loss."

## Conclusions of Law

1. This Court has jurisdiction of the parties and of the subject matter in the sense of power to try the case.

2. Enforcement of a state penal statute, even of one contrary to the Federal Constitution, may be interfered with by injunction orders of a federal court only in extraordinary circumstances where the danger of irreparable loss is both great and immediate.

3. The constitutional questions raised in this case being identical with those raised in the criminal case now pending in the Superior Court of Baldwin County, Georgia, no injunction should be granted by this Court pending final disposition of that case unless irreparable loss, both great and immediate, would otherwise result, inasmuch as the law provides an adequate remedy by appeal, if necessary, to the Supreme Court of the United States.

4. The fines or even imprisonment which might result from continued violations of the ordinance do not constitute loss or injury within the meaning of the rule above stated. Such results could be avoided by obeying the ordinance. The injury or loss which is to be considered is the injury or loss which in the absence of an injunction would result from obeying the ordinance.

5. No danger of loss as contemplated by the principles of law above stated being shown in this case, this Court has no equity jurisdiction and the plaintiff is therefore not entitled to a preliminary injunction, and it is not necessary to pass upon any of the constitutional questions raised.

6. On the hearing of this application for preliminary injunction, it was suggested by the Court that this case be permitted to pend until the constitutional questions in-

volved in this case could be determined in said criminal case. The plaintiff rejects the suggestion and insists upon a decision.

7. From briefs submitted on behalf of plaintiff, it appears that there is now pending in the Supreme Court of the United States the case of R. J. Thomas, appellant, v. H. W. Collins, Sheriff of Travis County, Texas, which may well be determinative of the questions here involved.

8. When this case comes on for final hearing, some proper disposition of it can be made in the light of what may be held in the criminal case.

## Judgment

Whereupon, it is considered, ordered and adjudged that the prayers of the plaintiff for a preliminary injunction be, and the same are, denied.

Note.—

An Ordinance to Amend an Ordinance Passed and Adopted by the Mayor and Aldermen of Milledgeville, Georgia, on January 19, 1944.

Be it ordained by the Mayor and Aldermen of the City of Milledgeville and it is hereby ordained by the authority thereof that that ordinance passed and adopted on January 10, 1944 and now appearing in the minutes of said Mayor and Aldermen in Minute Book 1935 at pages 384–390 entitled, Licenses and Tax Ordinances, City of Milledgeville, 1944, be and the same is hereby amended in the following particulars, to wit:

Section I. By adding thereto under the alphabet letter "O" the following designation and subject for licenses and taxing to wit: organizers, promotors, etc., meaning thereby and including therein all persons, firms, groups, associations, corporations, their agents, officers, servants, or employees and others, however the same may be designated and by whatever name the same may be called whose business it is to organize employees of any employer into any group, association, membership, society, or union, the license of said vocation shall be $5,000 for any and every calendar year or any part thereof.

Section II. Provided that no persons identified as above shall be granted any license as provided herein without first having applied in writing to be filed with the Clerk of Council in which said applicant shall specify his or their name, the name of any parent organization to or with which they may intend to affiliate and shall set forth the purpose and scope of the business to be done by it.

Section III. Provided further, that the license of such applicant shall be in the discretion of the Mayor and Aldermen of said city after a hearing had upon such application and such application as granted shall be upon such terms and conditions and such time as shall be prescribed by said Mayor and Aldermen.

Section IV. Provided further that any person who might transact such business within the corporate limits of said city without having first obtained such license and therefore shall be deemed in violation of said ordinance and upon conviction thereof in the Recorder's Court of said city shall be punished and fined to the extent and in the manner provided by the charter thereof.

Section V. Provided further that before the aforesaid license can be issued to any applicant, the applicant must have been a resident of said city for a period of twelve months preceding the date of the filing of said application and shall not have been convicted of any felony or other crime involving moral turpitude.

Section VI. Be it further ordained that should any section, part of section or provision of this ordinance as amended be declared illegal or void, such illegality shall not be construed to render any other section, part of section or provision of said ordinance void or illegal.

Section VII. Be it further ordained that all ordinances in conflict herewith are hereby repealed.