Gerard A. COLLINS

v.

**STATE OF MARYLAND**

and

**Warden, Baltimore City Jail.**

**Civ. A. No. 17879.**

United States District Court
D. Maryland.

March 2, 1967.

Gerard A. Collins, pro se.

Francis B. Burch, Atty. Gen. of Maryland, Morton A. Sacks, Asst. Atty. Gen., and Victor W. Palmer, Asst. City Sol., Baltimore, on brief, for State of Maryland and another.

NORTHROP, District Judge.

The petitioner has submitted a paper denominated "Petition For Issuance For A Permanent Injunction To Issue, Restraining The State's Attorney's Office From Securing Criminal Indictment And Prosecution Thereon." The petition is purportedly brought under 28 U.S.C. § 2281, the three-judge court statute.

The facts here are uncomplicated. Collins was found guilty of armed robbery in the Criminal Court of Baltimore on April 27, 1965. He was sentenced to ten years' imprisonment and he appealed. On October 11, 1965, the Court of Appeals of Maryland decided Schowgurow v. State, 240 Md. 121, 213 A.2d 475, and effectively invalidated Collins' conviction. Collins subsequently moved the dismissal of the indictment under which he had been prosecuted, and his motion was granted in the Criminal Court of Baltimore City on February 9, 1966. The following month Collins was re-indicted on the same charges by a properly constituted grand jury, and he has since been in jail, awaiting retrial, unable to make bail. His second trial is set to begin shortly.

This case is quite similar to Davis v. State of Maryland, D.C., 248 F.Supp. 951, decided by Chief Judge Thomsen of this court in 1965. The complainant there sought to bar his trial in the state court after a second indictment was handed down, the first having been invalidated by the Schowgurow decision. Judge Thomsen based his ruling on the language of the Supreme Court in Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965) and held that an injunction under the Civil Rights Act, 42 U.S.C. § 1983, barring the trial of the petitioner, could not properly be issued. Judge Thomsen also noted that if a request had been made for a three-judge court under 28 U.S.C. § 2281, as has been made here, it would have been denied.

The law today is the same law that governed the decision in *Davis*, and this court must therefore follow the course taken by Judge Thomsen in that case. Considering this petition first in

the manner by which it is denominated, the court has treated it as a request for the convening of a three-judge court under 28 U.S.C. § 2281, and the request is hereby denied. A single judge has the power to make such a denial when a three-judge court would have no jurisdiction to hear the case. Wright, Federal Courts, § 50, at 165–166 (1963). It is clear that proper jurisdiction is lacking here, for a three-judge court can enjoin the prosecution of a person under a state criminal statute only in exceptional circumstances where a danger of irreparable loss exists. Hall v. State of New York, 359 F.2d 26 (2d Cir. 1966); Reid v. City of Norfolk, 179 F.Supp. 768 (E.D. Va.1960); Starnes v. City of Milledgeville, 56 F.Supp. 956 (D.Ga.1944). It should be noted that some courts have refused to consider enjoining pending state criminal prosecutions under any circumstances. See, e. g., Ackerman v. Int'l Longshoremen's and Warehousemen's Union, 187 F.2d 860 (9th Cir.), cert. den. 342 U.S. 859, 72 S.Ct. 85, 96 L.Ed. 646 (1951). In any event, the facts here present an ordinary criminal prosecution, far from the exceptional case threatening irreparable harm to the defendant in the state court. By no view of the facts can this case be placed in the "extraordinary" category possibly warranting the scrutiny of a three-judge federal court at this time.

█ The court will now consider this petition as one seeking an injunction under 42 U.S.C. § 1983 and 28 U.S.C. § 1343. There is some question whether an injunction of a state court proceeding can be secured under § 1983, in the face of the language of 28 U.S.C. § 2283. This latter section states:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdic-

tion, or to protect or effectuate its judgments."

The Supreme Court has never decided if suits under § 1983 come under the "expressly authorized" exception to § 2283, the only exception under which such suits could be allowed. Dombrowski v. Pfister, supra, 85 S.Ct. at 1119–1120, n. 2. See also Note, 74 Harv.L.Rev. 726, 738 (1961). Assuming such a suit as this is even permissible, the court can find no basis for the complaint and must dismiss it.

█ If the petitioner has any valid constitutional defenses to his prosecution, he can raise them at his trial. Clearly, the action of this court has not stripped the petitioner of the constitutional protections to which he is entitled as a citizen of the United States. See Toth v. Silbert, 184 F.Supp. 163 (N.D.Ohio 1960). Comity and the federal system require that this court allow the state the opportunity to hear first any constitutional claims Collins may make and to go ahead with its enforcement of its criminal laws if those claims are unsubstantial. Stefanelli v. Minard, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138 (1951). See also, e. g., Goss v. State of Illinois, 312 F.2d 257 (7th Cir. 1963) and McGuire v. Amrein, 101 F.Supp. 414 (D.Md.1951). The petitioner also can seek collateral post-conviction relief in both the state and federal courts, of course.

Because the court is satisfied that the complaint alleges no ground upon which this court can properly issue the injunction requested, or any other relief at this time, the case is hereby this second day of March, 1967, dismissed for want of equity.

The Clerk is instructed to mail a copy of this memorandum and order to the petitioner, to the Attorney General of Maryland, and to the City Solicitor of Baltimore City.