**Michal MORA et al., Plaintiffs,**

v.

**Reed S. BATTIN, Judge, Defendant.**

**No. C 68-227.**

United States District Court
N. D. Ohio, E. D.
June 30, 1969.

Russell N. Chase, John R. Vintilla, Cleveland, Ohio, for plaintiffs.

David F. McLain, Pros. Atty., Trumbull County, Warren, Ohio, for defendant.

Before CELEBREZZE, Circuit Judge, and BATTISTI and LAMBROS, District Judges.

## MEMORANDUM OPINION AND ORDER

PER CURIAM.

This is an action challenging the constitutionality of Section 2113.81 of the Ohio Revised Code, commonly referred to as the "Iron Curtain" statute. Jurisdiction of the Court is founded upon Title 28 U.S.C.A. § 1331. The plaintiffs requested and were granted a three-judge panel under Title 28 U.S.C.A. § 2281 to hear the issues in this case.

This is a class action. The plaintiffs are Czechoslovakian nationals and reside

in that country. They have brought this action on behalf of themselves and all other residents of Czechoslovakia similarly situated. The sole defendant is Reed S. Battin, Judge of the Probate Court of Trumbull County, Ohio.

The named plaintiffs allege that they are the legal heirs of one Charles R. Hulick, whose estate is being administered by the Probate Court of Trumbull County, Ohio. The defendant, in his capacity as judge of that court, has found that the plaintiffs are the next of kin of Mr. Hulick and are the proper persons entitled to participate in the distribution of Hulick's estate. The defendant, however, has also determined, by application of Section 2113.81, Ohio Revised Code, that the plaintiffs could not have the use, benefit, or control of the money due to them from the estate because of conditions prevailing in their place of residence and has, therefore, ordered that the shares of these plaintiffs be withheld from them under the provisions of the above-mentioned statute. Plaintiffs further allege that it is the policy and practice of the defendant, in the settlement and distribution of a decedent's estate, "to withhold the payment in full of the distributive shares due and owing to a resident of Czechoslovakia by virtue of Section 2113.81 of the Ohio Revised Code." Plaintiffs allege that this statute and the policy and practice of the defendant in applying it constitute an unconstitutional interference with the exclusive power to conduct foreign relations vested in the Federal Government and violate the rights of the plaintiffs under the Fourteenth Amendment.

The plaintiffs pray for the following relief: (1) a judgment declaring that "the policy and practice of the defendant in denying these plaintiffs and others similarly situated the right to their distributive shares in full from decedents' estates * * * by reason of their residence in Czechoslovakia" is a denial of their Fourteenth Amendment rights; (2) a declaration that the statutory requirements of Section 2113.81, Ohio Revised Code, "as applied by the defendant to the rights of these plaintiffs and others similarly affected" are unconstitutional; and (3) a permanent injunction restraining the defendant "from denying plaintiffs, and others similarly situated, the right to their distributive shares from decedents' estates."

The plaintiffs have moved for summary judgment upon the Complaint. The defendant has moved to dismiss the action for the reason that the issues presented herein are moot. The parties have attached affidavits to their motions.

We will first consider the defendant's motion to dismiss. The affidavit of the defendant, submitted in connection with his motion, reads in substance as follows: The challenged ruling of the defendant was made before the United States Supreme Court decided Zschernig v. Miller, 389 U.S. 429, 88 S.Ct. 664, 19 L.Ed.2d 683 (1968). In light of this recent decision, which dealt with the validity of the so-called "Iron Curtain" statutes, such as the one involved in the present case, the defendant has abandoned his practice of refusing, as a matter of policy, distribution of assets to heirs residing in Communist countries. The defendant's new policy is simply to follow normal practices with respect to ascertaining the identity of foreign heirs and their right and ability to receive their distributive shares. The defendant further states that no distribution of assets to any foreign heirs is being prevented by him because of the heirs' foreign residence or because of the application of the provisions of Section 2113.81, Ohio Revised Code. Furthermore, the defendant consents to the immediate transfer of the assets of the estate of Charles R. Hulick to the named plaintiffs in this action, who are the heirs of Mr. Hulick. Such distribution will not be prevented because of any application of Section 2113.81.

Upon this affidavit the defendant moves to dismiss this action as moot.

A recent Supreme Court decision has outlined the standard to be used in deter-

mining when a case is moot. Golden v. Zwickler, 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (Mar. 4, 1969) was an action for a declaratory judgment that a New York criminal statute was unconstitutional. The statute prohibited the distribution of anonymous political literature. Zwickler was prosecuted for violating this provision, but his conviction was reversed in the state courts on state law grounds. He then brought a declaratory judgment action in federal court challenging the constitutionality of the statute.

The literature which Zwickler had distributed and which resulted in his being prosecuted was directed at a candidate for the House of Representatives. Subsequent to the date the federal suit was commenced, the candidate determined that he would not stand for re-election. The district court overruled a motion to dismiss the case on the grounds of mootness, holding that "when this action was initiated, the controversy was genuine, substantial and immediate," and the withdrawal of the candidate, who was the object of Zwickler's anonymous handbills, did not render the case moot.

On appeal, the Supreme Court reversed. The Supreme Court stated, with respect to the issue of mootness: "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." The Court held that, under the circumstances of that case, the fact that it was most unlikely that the congressman would again be a candidate and, therefore, that Zwickler would distribute further handbills and be prosecuted under the statute, precluded a finding that there was "sufficient immediacy and reality" present. The Court stated: "The constitutional question, First Amendment or otherwise, must be presented in the context of a specific live grievance." The Court further stated: "No federal court, whether this Court or a District Court,

has 'jurisdiction to pronounce any statute, either of a state or of the United States, void, because irreconcilable with the Constitution, *except as it is called upon to judge the legal rights of litigants in actual controversies.*'"

■ The defendant has attempted to moot this controversy by agreeing to cease the allegedly legal conduct. Such action will not render a controversy moot: "It is a well settled principle of law that cessation of illegal conduct at the prompting of legal proceedings is not sufficient to render a case or controversy moot. United States v. W. T. Grant Co., 1953, 345 U.S. 629, 73 S.Ct. 894, 97 L.Ed. 1303. And this is so because without the compulsion of a court decree the defendant is free to return to his forbidden ways." Tyson v. Cazes, 363 F.2d 742 at 743 (5th Cir. 1965).

The defendant's representations as to his future conduct are not sufficient to render this controversy moot. This is the case for a number of reasons. First, Section 2113.81 of the Ohio Revised Code, is, unless declared otherwise by this Court, a valid part of the law of Ohio. The defendant is required by his oath of office to uphold the law of Ohio. The defendant may be powerless to make an assurance of non-enforcement. The Court, furthermore, has no basis upon which to determine whether there is a reasonable likelihood that the defendant will seek to (or be required to) apply the provisions of Section 2113.81, either in whole or in part, indirectly, or in a limited manner, in the future. There simply is no way to determine the likelihood of repeated conduct.

In addition, the funds which are the subject matter of this litigation must pass through the hands of the defendant as Probate Judge of Trumbull County, and have yet to be distributed to the plaintiffs. Therefore, if this Court were to dismiss the action as moot, it would be required either to enter a conditional order to ensure the distribution of these funds, or it would have to rely upon the assurance of the defendant that he would see to it that the funds are distributed.

It is difficult to justify the dismissal of an action as moot, where certain activities remain to be completed, and where these uncompleted activities could be the subject of an order of this Court. It would be equally inconsistent with a finding of "mootness" for the Court to enter an order ensuring that certain activities are completed, or for the Court to be required to rely upon representations of the defendant that they will be completed. For these reasons, the motion to dismiss this action as moot is hereby denied.

Proceeding now to the plaintiffs' motion for summary judgment:

Plaintiffs have submitted, in connection with their motion for summary judgment, the affidavit of Russell N. Chase, plaintiffs' attorney herein, and their attorney in fact under powers of attorney. The substance of the affidavit is as follows: The plaintiffs are the heirs of one Charles R. Hulick, whose estate is No. 39222 in the Probate Court of Trumbull County, Ohio. (The defendant has not challenged this fact.) Mr. Chase requested that the defendant distribute the assets of the estate to him as attorney in fact, so that he might distribute the assets to the legatees. The defendant, however, applying the provisions of Section 2113.81 of the Ohio Revised Code, determined that the plaintiffs would not have the use, benefit, or control of the money due them, because of conditions prevailing in Czechoslovakia, which is their place of residence; and, therefore, he appointed Mr. Chase "trustee" of the assets of these distributees. The defendant, as of the date of filing of the plaintiffs' motion for summary judgment, has refused to permit distribution of the assets of the estate to the Czechoslovakian legatees by reason of his application of the provisions of Section 2113.-81, Ohio Revised Code. The defendant has not controverted any of these facts. He has acknowledged the existence of his policy of refusing distribution of estate assets to residents of Communist countries, although he asserts that he is no longer pursuing that policy.

Section 2113.81, Ohio Revised Code, provides as follows:

"Where it appears that a legatee or a distributee, or a beneficiary of a trust not residing within the United States or its territories will not have the benefit or use or control of the money or other property due him from an estate, because of circumstances prevailing at the place of residence of such legatee, distributee, or a beneficiary of a trust, the probate court may direct that such money be paid into the county treasury to be held in trust or the probate court may direct that such money or other property be delivered to a trustee which trustee shall have the same powers and duties provided in section 2119.03 of the Revised Code for such legatee, distributee, beneficiary of a trust or such persons who may thereafter be entitled thereto. Such money or other property held in trust by such county treasurer or trustee shall be paid out by order of the probate judge in accordance with section 2113.82 of the Revised Code. The county treasury shall not be liable for interest on such money held in trust."

The so-called "Iron Curtain" statutes, such as 2113.81, were recently considered by the United States Supreme Court in Zschernig v. Miller, 389 U.S. 429, 88 S. Ct. 664, 19 L.Ed.2d 683 (1968). The Zschernig case involved an Oregon statute which regulated the right of nonresident aliens to inherit property from Oregon testators. The statute made the right of an alien to inherit such property dependent upon three conditions: (1) upon the existence in the foreign country of a "reciprocal right" on the part of United States citizens to inherit real and personal property on the same terms and conditions as inhabitants and citizens of that country, (2) upon the right of United States citizens to receive these payments within the United States, and (3) "upon proof" that the foreign heirs "may receive the benefit, use, or control" of the property or money from estates of persons dying in Oregon "without

confiscation, in whole or in part" by the foreign government.

In passing upon the validity of this statute, the Supreme Court considered the whole area of reciprocal inheritance statutes. The Court drew a distinction between reciprocal inheritance statutes which permit the state court only to "read, construe and apply laws of foreign nations" and those which permit the state court to "[launch] inquiries into the type of governments that obtain in a particular foreign nation." Citing its earlier decision in Clark v. Allen, 331 U.S. 503, 67 S.Ct. 1431, 91 L.Ed. 1633, the Court noted that state courts are not precluded from reading, construing and applying the laws of foreign nations. The Court held, however, that where a statute permits inquiry into the type of government existing in a foreign nation, or into the operation of that government, or into the question of whether the legal "rights" guaranteed by that nation are rights in fact, or into the question of whether statements by the representatives of the foreign nation are credible or made in good faith, or into the likelihood that the legatees will actually receive the property left to them, such a statue, so applied, intrudes into the exclusive right of Congress to regulate foreign policy.

The Oregon statute involved in *Zschernig* was susceptible of a valid construction. It could be construed to permit the probate courts to inquire only into the written law of the foreign country and ascertain the right of a legatee to receive property left to him by an Oregon resident. The Court noted, however, that the Oregon courts had construed the statute to permit inquiry into the policy of the foreign governments. On this basis the Supreme Court held the statute unconstitutional as construed and applied.

Section 2113.81, Ohio Revised Code, which is the statute at issue in the present case, is somewhat different from the Oregon statute involved in

*Zschernig*. The Ohio statute requires the probate court to determine whether or not the foreign legatee will have the benefit or use or control of the money left him "because of circumstances prevailing at the place of residence of such legatee." The Ohio statute thus appears to be directed at an inquiry into the operations of the foreign government and into the political, economic, and social conditions prevailing in the foreign country. This type of inquiry is specifically prohibited by the doctrine of Zschernig v. Miller.

The affidavits establish that the defendant's refusal to distribute the assets in question to the plaintiffs was based on a consideration of matters other than the statute law of Czechoslovakia. Such a construction and application of Section 2113.81 by a probate judge is prohibited under the Supreme Court's decision in Zschernig v. Miller.

The defendant's motion to dismiss the Complaint as moot is hereby overruled. The plaintiffs' motion for summary judgment is hereby granted, since the statute as applied by the defendant is unconstitutional.

It is ordered that the defendant distribute the assets in question forthwith in a manner which is not inconsistent with this opinion.

It is further ordered that the defendant be and is hereby permanently enjoined from withholding funds or other property from citizens or residents of Czechoslovakia by reason of the defendant's application of Sections 2113.81 and 2113.82, Ohio Revised Code, on any ground other than the following: That the Czechoslovakian heirs would not have the use, benefit, or control of the property transferred to them by reason of the statutory law of Czechoslovakia. Any basis for withholding funds other than that articulated above would violate the rule in Zschernig v. Miller, 389 U.S. 429, 88 S.Ct. 664, 19 L.Ed.2d 683 (1968).

It is so ordered.