**Robert Bryant RAKES**

v.

**Bernard S. COLEMAN, etc., et al.**

**Civ. A. No. 174–70–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Sept. 28, 1970.

184

Philip J. Hirschkop, Alexandria, Va., for plaintiff.

Tabor Cronk, Asst. Atty. Gen., Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

Robert Bryant Rakes, proceeding in forma pauperis, attacks herein the practice of Virginia officials, acting under various State statutes, of confining alcoholics for "treatment and rehabilitation." The defendant Coleman is a state circuit judge, sued as representative of state judges committing persons pursuant to Va.Code § 18.1–200.1 (Supp.1970). The defendant Brown is Director of the Department of Welfare and Institutions of Virginia; the defendant Cunningham is Director of the Division of Corrections of that department; the defendant Oliver is Superintendent of the Virginia State Farm; the defendant Holton is Governor of Virginia, and Miller is Attorney General of the state.

When the suit was brought, on March 25, 1970, Rakes was confined at the State Farm under the order of Judge Coleman, who committed him pursuant to § 18.1–200.1 on September 22, 1969. Allegedly, Rakes was then in the immediate custody of Oliver. Oliver, along with Brown and Cunningham, were alleged to be responsible under state law for the treatment of Rakes and others committed in similar fashion. Holton and Miller are stated to be the "chief executive officers of the Commonwealth * * * responsible for the implementation of all state statutes."

Rakes sues each defendant "individually and in his official capacity and as a representative of his officers, agents, subordinates, servants, employees, attorneys, and those persons in active concert with him."

Rakes, himself, sues as representative of the class of persons "who have been committed to the Department of Welfare and Institutions and/or who have been incarcerated in a regular penal institution under the color of § 18.1–200.1 or § 18.1–202."

The relief sought is as follows:

1. A declaratory judgment that the application of § 18.1–200.1 and § 18.1–202 violate due process and constitutes cruel and unusual punishment, at least where rehabilitation for alcoholism is not provided and individuals are merely committed to regular penal institutions, and where courts activate the unserved portions of commitment terms when individuals reappear on charges of public drunkenness.

2. Mandatory injunctive relief requiring the defendant to provide effective rehabilitative facilities.

3. An injunction against the further incarceration of individuals pursuant to § 18.1–200.1 and § 18.1–202 until such facilities are provided.

4. An injunction against the enforcement of § 18.1–237 for the reason that it prescribes a penalty for the crime of chronic alcoholism, in violation of the Eighth Amendment.

5. A declaration, and injunctive relief consistent therewith, that the seventy-hour work week required of the plaintiff while incarcerated is a form of involuntary servitude.

The relevant state statutes are as follows:

Commitment of persons dismissed or acquitted of certain charges because of alcoholism.—Any person arrested for an offense in which proof of drunkenness or being under the influence of alcohol is a necessary element of the crime and is discharged, dismissed or acquitted of such charge by reason of being an alcoholic, shall be subject to commitment to the control and supervision of the Director of the Department of Welfare and Institutions in the same manner and for the same purposes as prescribed in § 18.1–200, or to the Department of Mental Hygiene and Hospitals, or to a facility under the control of the State Health Department for treatment of alcoholics, in the discretion of the court. Va.Code § 18.1–200.1 (Supp.1970).

Probation or release of such persons.—If the Director of Welfare and Institutions finds it not possible or expedient to place such persons as are committed to him under the provisions of § 18.1–

200 in the institutions referred to in that section, the committing court on application of the Director may place such persons on probation. The Director or his authorized agents may at any time order the release of such persons when satisfied that such release is conducive to the welfare of such persons and will not be detrimental to the public health or the public welfare, and may prescribe reasonable terms or conditions upon which such release is granted. If any person so released violates the terms or conditions of his or her release, the county, municipal or juvenile and domestic relations court exercising jurisdiction in the city or county wherein such violation occurs may revoke the order of release and direct his or her apprehension and detention by the proper law enforcement officers and his or her return to the Director, and such court, on its own motion or on application of the Director, may recommit such person to an institution or make such other disposition as may be provided by law. In no case shall the total period of probation, confinement, supervision and reconfinement exceed three years. Va. Code § 18.1–202 (Supp.1970).

Profane swearing and drunkenness.— If any person arrived at the age of discretion profanely curse or swear or get or be drunk in public he shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined not less than one nor more than twenty-five dollars. If any person shall be convicted for being drunk in public three times within one year in this State, upon the third or any subsequent conviction for such offense within the period of one year, such person may be punished by imprisonment in jail for not more than six months or by a fine of not more than fifty dollars, or by both such fine and imprisonment.

Counties, cities and towns may pass or adopt ordinances or resolutions prohibiting and punishing the conduct and acts embraced in this section. Va.Code § 18.1–237 (Supp.1970).[1]

1. Other relevant statutory provisions are as follows:

Commitment of persons convicted of certain offenses; investigation and report; reduction or increase of period.—Whenever any court of record or judge thereof, or any county, municipal, or juvenile and domestic relations court or judge thereof, in the exercise of sound discretion shall determine that it is necessary for the protection of the public health or safety or for the promotion of the public welfare, through the rehabilitation of any person, such court or judge may, in lieu of imposing any sentence or fine provided by law for such offenses, commit to the control and supervision of the Director of the Department of Welfare and Institutions, for rehabilitation, for an indeterminate period of not less than three months nor more than three years any person who, in such court or before such judge, is convicted in this State:

(1) Of being a prostitute, or
(2) Of being a keeper, inmate or frequenter of a bawdy place, or
(3) Of soliciting for immoral purposes, or
(4) Of vagrancy, or
(5) Of contributing to the delinquency, neglect or dependency of a minor under the age of eighteen years.

When a person is tried for any offense enumerated in this section or is adjudged guilty of such offense, the court may, before fixing punishment, imposing sentence, or ordering a commitment, direct any probation officer or agency performing probation services for such court to thoroughly investigate and report upon the history of the accused and any and all relevant facts, to the end that the court may be fully advised as to the appropriate and just sentence to be imposed or commitment to be ordered.

Any person so committed to the Director may be recommitted by the committing court or judge upon application of the Director to a State institution or to such other institution as may be approved by it as being suitable for the proper care of such persons, and being equipped to give medical treatment to such of them as may be in need thereof.

All such institutions, except State institutions, shall receive from the State the same fees as are allowed by law to jailers.

During any such period of commitment or recommitment, the committing court or judge thereof may, upon its own motion or upon application of the Director, reduce

Rakes alleges that he has been a chronic alcoholic for many years and has been arrested seventy-five times for public drunkenness. He was first committed under § 18.1–200.1 in April of 1967, by the Municipal Court of Fredericksburg. Twice released after some months, the same court twice recommitted him, after Rakes was charged with public drunkenness, pursuant to § 18.1–202. After the second recommitment, he was released by court order after serving four months. (It is not alleged whether the earlier releases were pursuant to order of court or of that of the Director of the Department of Welfare and Institutions.) Recommitment soon followed, again by the Fredericksburg Municipal Court, when Rakes was found to have been drunk in public. An appeal was taken, and the Circuit Court imposed a new indefinite term. "There appears," the complaint alleges, "to be a pattern of abuse of § 18.1–200.1 by the Fredericksburg judges to keep plaintiff under the three months to three year sentence at all times * * *"

While incarcerated, Rakes alleges, he lives among ordinary convict prisoners and receives no rehabilitative treatment particularly related to his alcoholism. Nor does confinement have any curative effect upon his alcoholism.

The defendants have moved to dismiss the complaint for failure to state a claim on which relief can be granted. Fed. Rules Civ.Proc. rule 12(b) (6), 28 U.S. C. They state that no actual controversy exists between Rakes and the defendants Holton, Miller and Coleman, and that in essence the suit is without merit because it seeks to compel the expenditure of general state funds. Moreover, it is contended, Rakes has an available remedy by means of a state habeas corpus action, pending at the time the motion to dismiss was filed. Further objection is made to the plaintiff's alleged representative status.

On April 24, 1970, the defendants filed an amendment to their motion to dismiss, wherein they suggest that the case has become moot for the reason that Rakes was that day released by order of the defendant, Coleman, in the Fredericksburg Circuit Court on April 15, 1970. The order, also filed, is apparently one of unconditional release.[2]

The Court has heard argument, and both sides have submitted memoranda on the defendants' motions. The Court will confine its consideration at this point to the grounds for dismissal urged by the defendants. In addition, the Court is bound to consider the preliminary question of its jurisdiction to entertain the case without convening a three-judge court pursuant to 28 U.S.C. § 2281 et seq.

The question of the need for a three-judge court must be explored with reference to each individual item of relief sought. The statutory court must be convened when these requisites are met:

(1) An interlocutory or permanent injunction must be sought;

(2) The injunction sought must be one to restrain the action of a state officer or administrative agency;

(3) The action sought to be enjoined must consist of the enforcement or execution of a state statute, and,

(4) The injunction must be sought on the ground that the state statute

---

or increase such period of commitment. Va.Code § 18.1–200 (Supp. 1970).

Examination and investigation of such persons; reports to committing court.— The Department of Welfare and Institutions shall make a careful physical, mental and social examination of every person committed to it under the provisions of § 18.1–200, and shall investigate such person's personal and family history in order that plans for his or her training, rehabilitation, release and supervision may be adequately undertaken. The commit-

ting court may require the Department to report at any time or times, subsequent to the minimum commitment period prescribed by § 18.1–200, upon the Department's observations, findings and recommendations with respect to any such person.

Va.Code § 18.1–201 (Supp. 1970).

2. The statutory authority for such a reduction in period of commitment is found in Va.Code § 18.1–200 (Supp. 1970).

is unconstitutional. Bartlett & Co., Grain v. State Corp. Commission, 223 F.Supp. 975 (D.Kan. 1963).

■ The function of a single judge is restricted:

When an application for a statutory three-judge court is addressed to a district court, the court's inquiry is appropriately limited to determining whether the constitutional question is substantial, whether the complaint at least formally alleges a basis for equitable relief, and whether the case presented otherwise comes within the requirements of the three-judge statute. Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 715, 82 S.Ct. 1294, 1296, 8 L.Ed.2d 794 (1962).

■ Dismissal of a claim by a single judge is proper when the constitutional question appears "insubstantial" or when a basis for equitable relief seems lacking.

Insubstantiality in the claim may appear because of absence of federal jurisdiction, lack of substantive merit in the constitutional claim, or because injunctive relief is otherwise unavailable. Maryland Citizens for a Representative General Assembly v. Governor of Maryland, 429 F.2d 606 (4th Cir. 1970) (footnotes omitted).

■ Insofar as the plaintiff seeks only noncoercive declaratory relief, his claims may be considered by a single judge. Kennedy v. Mendoza-Martinez, 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1969). The request for a declaration of the constitutionality of custody under § 18.1–200.1 and § 18.1–202 may therefore be determined by a single judge.

Rakes seeks as well an injunction against further enforcement of § 18.1–237, which in part forbids persons to "get or be drunk in public," and prescribes incarceration for individuals convicted for "being drunk in public" more than three times in one year. In support of his right to relief, Rakes states only that had he not been confined under § 18.1–200.1 he would probably have been sentenced pursuant to § 18.1–237, and adds that the latter statute carries a maximum sentence of only six months in contrast with the civil commitment of up to three years. No contention is made that prosecutions under § 18.1–237 are either pending or threatened. Only as to the civil commitment statutes is it alleged by Rakes that a pattern of abuse seems to have developed; no bad faith is claimed in the enforcement of § 18.1–237.

■■ Rarely will a federal court interfere by injunction with the orderly administration of state criminal justice. The possibility that an individual may be exposed to the usual hazards of trial and appeal in order to assert a constitutional defense is not sufficient threat of irreparable harm to call for coercive intervention against state officials. Tyrone, Inc. v. Wilkinson, 410 F.2d 639 (4th Cir. 1969). In the absence of any allegations that he will be denied certain defenses in possible prosecutions or other special circumstances of a compelling nature, the complaint states no claim for an injunction. Cameron v. Johnson, 390 U.S. 611, 618, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968).

■ Because is appears from the face of the complaint that injunctive relief as to § 18.1–237 is unavailable under current decisions, no need to assemble a three-judge court for that issue exists. Maryland Citizens for a Representative Government v. Governor of Maryland, supra; Collins v. Maryland, 264 F.Supp. 629 (D.Md.1967).

■ The complaint further calls upon the Court to require the defendants to provide effective rehabilitative facilities for persons committed under § 18.1–200.1 and § 18.1–202. Clearly these claims do not call for any injunction of the application of a statute on the ground of unconstitutionality, and a single judge may therefore rule on the motion to dismiss.

■ The remainder of the complaint consists of a request to enjoin the enforcement by "arrest, prosecution, trial, commitment, and incarceration" of § 18.-

1–200.1 and § 18.1–202 *until* the state provides effective rehabilitation programs. Here the nature of Rakes' attack is also not such as to require a three-judge court because, in the sense of § 2281, he is not seeking to bar the application of these statutes "upon the ground of the unconstitutionality of such statute." 28 U.S.C. § 2281.

Rakes neither contends that the statutes are invalid facially nor that they cannot be enforced against him or members of any class he seeks to represent. Actually he seeks to have the laws properly and fully applied, so that the rehabilitation referred to in the law is afforded in fact, or alternatively to prevent the use of the laws for confinement alone.

█ A three-judge court is requisite if an injunction is sought on the ground that a statute cannot constitutionally be enforced against a particular person or group. Department of Employment v. United States, 385 U.S. 355, 87 S.Ct. 464, 17 L.Ed.2d 414 (1966); Fleming v. Rhodes, 331 U.S. 100, 67 S.Ct. 1140, 91 L.Ed. 1368 (1947); Query v. United States, 316 U.S. 486, 62 S.Ct. 1122, 86 L. Ed. 1616 (1942); Stratton v. St. Louis S. W. Ry. Co., 282 U.S. 10, 51 S.Ct. 8, 75 L.Ed. 135 (1930).

█ However, where the contention is that those empowered under state law to administer an enactment have misapplied it by reason of misconstruction or have exceeded their powers, a single judge may handle the issue. Such instances, to be sure, may raise the prospect of a single judge's paralyzing the operation of a statewide policy, but the policy then imperilled is not the considered declaration of a popular majority but the discretionary action of an executive or administrative official.

█ The purpose of the three-judge court act is to protect legislative policy determinations from frustration at the hands of a single judge. The act must, however, be applied only in that narrow range of cases when it is strictly called for, if for no other reason than the substantial burden it places on the fed-

eral judiciary. Cf. Maryland Citizens for a Representative General Assembly v. Governor of Maryland, *supra*, 611. Congress has not determined that the claim that a given state official is misapplying state policy, with unconstitutional results, raises an issue of such public consequence as to require a special forum. Phillips v. United States, 312 U.S. 246, 61 S.Ct. 480, 85 L.Ed. 800 (1941); Ex parte Bransford, 310 U.S. 354, 60 S.Ct. 947, 84 L.Ed. 1249 (1940); Tyrone, Inc. v. Wilkinson, 410 F.2d 639, 643 (4th Cir. 1969); Bussie v. Long, 383 F.2d 766 (5th Cir. 1967); Chester v. Kinnamon, 276 F.Supp. 717, 721 (D.Md. 1967); Bartlett & Co., Grain v. State Corp. Commission, *supra*. Consequently this issue as well shall be handled by a single judge.

The plaintiff has cast his suit in the form of a class action. The applicable rule contains this provision:

> As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order under this subdivision may be conditional, and may be altered or amended before decision on the merits. Fed.Rules Civ.Proc. rule 23(c) (1), 28 U.S.C.

The plaintiff sues "on behalf of all other persons similarly situated who have been committed and/or recommitted to the Department of Welfare and Institutions and/or who have been incarcerated in a regular penal institution under the color of § 18.1–200.1 or § 18.1–202." The first statute allows incarceration of one arrested on a criminal charge which includes the element of drunkenness and later acquitted "by reason of being an alcoholic." Thus each person incarcerated will at least once have been found to be an alcoholic.

The defendants object to the conduct of the litigation as a class action for noncompliance with Fed.Rules Civ.Proc. rule 23(a) (2) and (a) (3), 28 U.S.C. In other respects no issue is made with the propriety of the case as a Rule 23(b)

(2) class action, and the Court finds none.

Rule 23 allows class suits if * * * "(2) there are questions of law or fact common to the class, [and] (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class," Fed.Rules Civ.Proc. rule 23 (a). The second requirement in effect restates the first. 3B Moore's Federal Practice ¶ 23.06–2, at 23–325 (2d ed. 1969).

 The defendants object first that the plaintiff's unconditional release makes his claim dissimilar to that of the class he purports to represent. However, he and others may well be due injunctive or declaratory relief, despite the release of some from confinement. The plaintiff does not demand his own release in so many words, or that of others; indeed he disclaims any desire for habeas corpus relief. The plaintiff class enumerated is not limited to those currently confined; it allegedly consists of those who "have been" committed. Those committed and released are certainly within that class. It is no objection to the plaintiff Rakes' representative status that certain defenses, see Pruitt v. Campbell, 429 F.2d 642 (4th Cir. July 16, 1970), may be available to the defendants against certain other class members' claims. Green v. Wolf Corp., 406 F.2d 291 (2d Cir. 1968); Mersay v. First Republic Corp., 43 F.R.D. 465 (S.D.N.Y.1968).

 The defendants object as well that the named plaintiff Rakes has experienced confinement only in the State Farm and can for that reason represent only those with such a history. This logic escapes the Court. The plaintiff alleges that no rehabilitative facilities exist in any of the institutions operated by the defendants enumerated in § 18.1–200.1, and the statute plainly authorizes commitment to all named facilities according to the same standards.

 A third objection is more substantial. Rakes' complaint alleges that the courts of Fredericksburg have administered the statutes in bad faith so that he may be reincarcerated at any time for violating the terms of conditional release. It is not alleged that, in this respect, "the party opposing the class has acted or refused to act on grounds generally applicable to the class," Fed.Rules Civ.Proc. rule 23(b) (2), 28 U.S.C., such that Rakes' claim would be a representative one. The claim of bad faith is vital; the extent of proof thereof may well govern the scope of possible injunctive relief. Still, the charge of bad-faith application of the law to the one named plaintiff suggests no present conflict of interests between him and other class plaintiffs. The absence of conflict is generally regarded as the criterion of typicality. See 2 W. Barron & A. Holtzoff, Federal Practice & Procedure, § 562, at 77, n. 3 (Supp.1967), and Cannon v. Texas Gulf Sulphur Co., 47 F.R.D. 60, 63 (S.D.N.Y.1969). In the light of these authorities, that Rakes may have a right to some relief not granted to others whom he represents should not bar the use of the class action device. The defendants quite properly have called the matter to the Court's attention, however, for during further proceedings it may be necessary for the Court and the parties to keep distinct those portions of the proof which pertain to Rakes alone. See Green v. Wolf Corp., *supra*, 406 F.2d 301.

 The plaintiff also seeks to make the defendant Coleman a representative of the class of state court judges empowered to commit persons pursuant to § 18.1–200.1. The defendants make no objection to Judge Coleman's representative status, and no reason appears to the Court why the case may not proceed as a class action. Washington v. Lee, 263 F.Supp. 327, 330 (M.D.Ala.1966), aff'd. 390 U.S. 333, 88 S.Ct. 994, 19 L.Ed.2d 1212 (1968). The same proviso as to those portions of the proof applicable to certain members of the class applies to this aspect of the action as well.

The merits of the various grounds for dismissal will now be considered.

 The defendants contended at on point that the case should be dismissed pending resolution of a state habeas cor-

pus action. It is not clear whether an exhaustion or an abstention contention was being made. Rakes' release makes his individual state habeas corpus case moot. Blair v. Peyton, 210 Va. 416, 171 S.E.2d 690 (1970), and no grounds for abstention pending statutory construction are apparent, see Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967).

■ Subsequent to the plaintiff's unconditional release, the defendants suggested that the case be dismissed as moot; this ground as well is insufficient. The only relief which this named plaintiff has secured is release from his most recent commitment. The questions of injunctive or declaratory relief concerning future confinements are as alive as before. Belated efforts to remedy the most immediate effects of a challenged statute or practice are not sufficient to render such issues moot. Jenkins v. United Gas Corp., 400 F.2d 28 (5th Cir. 1968); Cypress v. Newport News General & Non-Sectarian Hospital Association, 375 F.2d 648 (4th Cir. 1967); Lankford v. Gelston, 364 F.2d 197 (4th Cir. 1966); Mora v. Battin, 303 F.Supp. 660 (N.D.Ohio 1969).

■ Insofar as the class of plaintiffs is concerned, a live controversy exists, such that this Court may proceed to consider the question of declaratory relief. It is currently far from "wholly conjectural that another occasion might arise," Golden v. Zwickler, 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969), when any one class member might be exposed to the conditions of confinement which are attacked. Rakes alleges that he is an alcoholic. In addition, members of his class have all been so adjudicated by Virginia courts; such is a prerequisite for commitment under § 18.1–200.1. Confinement worked no cure on Rakes, and the defendants do not contest his representativeness in this respect. It is the contention of this class, therefore, not just that they propose or contemplate acting so as to expose themselves to arrest for an offense including the element of drunkenness, but that in the course of events they must invariably do so on account of compulsive alcoholism.

Moreover, the plaintiff Rakes states facts going far beyond a hypothetical possibility that the statutes will be used to bring about the commitment he challenges. Four times Rakes has been committed or recommited; the class he represents have been subjected to the procedure at least once.

Such a history of vigorous recent enforcement against those now seeking declaratory relief speaks louder than any possible threats. Compare McDonald v. Brewer, 295 F.Supp. 1135 (M.D.Ala. 1968). On the continuum between "general" and "direct" threats established in United Public Workers v. Mitchell, 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754 (1946), the actions of confining officials in this instance constitute something like the latter; the history of recurring "definite prejudicial interferences," United Public Workers v. Mitchell, *supra*, 90, 67 S.Ct. 556, 91 L.Ed 754, renders the case justiciable.

The case is not unlike Fhagen v. Miller, 306 F.Supp. 634 (S.D.N.Y.1969). There an individual with a history of recent prior commitments to a mental hospital was found to have a justiciable controversy with those who administered the confinement facilities despite the fact that he was not in custody at the time of suit. The plaintiff, the Court found, lived in continuing and well-founded apprehension of recommitment carried out by persons acting beyond his control:

> Plaintiff can hardly be expected to anticipate when that provision will again be invoked. To require plaintiff to wait until he is confined anew before he could again test the Act with the prospect of another thwarted proceeding, as occurred previously, is to subject him to a futile revolving door process. Fhagen v. Miller, *supra*, 636. Cf. Decker v. Fillis, 306 F.Supp. 613 (D. Utah 1969).

Since Rakes allegedly is addicted to alcohol and the commitment procedures are in fact enforced, he is presently in appre-

hension of confinement contingent only on events which are, according to the complaint, not subject to his control. His class is similarly situated. Therefore an actual and justiciable controversy is before the Court.

The defendants further move to dismiss the complaint, insofar as it seeks a mandatory injunction compelling the institution of effective rehabilitative programs, arguing that any right to such facilities is created only by state law and cannot be vindicated in this Civil Rights Act case, and that at any rate this Court is not empowered to compel the expenditure of funds to that end by state officers. These two contentions are logically linked. Plainly, if a right to "effective rehabilitation" is enforceable under § 1983, this Court does possess the remedial power to afford full relief. It is not uncommon that a party's constitutional rights can be restored only after the expenditure of effort and money. Griffin v. County School Board of Prince Edward County, 377 U.S. 218, 84 S.Ct. 1226, 12 L.Ed.2d 256 (1964).

■ However, the defendants rightly maintain that any right the plaintiff class possesses to be treated for alcoholism is derived from state law. It may well be that the defendants cannot legally confine such persons without any effort at cure, or cannot prolong their confinement beyond that to which they would be liable but for the defense of alcoholism, or cannot confine them indiscriminately among convicts; but, if this is so, it would seem that the defendants could come into compliance with the Constitution by ceasing such detention, if they so chose.

■ The defendants properly rely on Dorsey v. N. A. A. C. P., 408 F.2d 1022 (5th Cir.), cert. den., 396 U.S. 847, 90 S.Ct. 58, 24 L.Ed.2d 97 (1969), for the proposition that purely state law rights cannot be vindicated under § 1983. No due process or equal protection denial is included in state officials' determination not to construct rehabilitation facilities, whatever may be the requirements of state law. See also, Egan v. City of Aurora, 365 U.S. 514, 81 S.Ct. 684, 5 L.Ed. 2d 741 (1961); Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944).

■ Because the federal claim must therefore be dismissed at this early stage, and because any determination of the defendants' state-law duties would require a factual as well as legal investigation not otherwise necessary, the state law claim will not be retained under pendent jurisdiction. Compare Travers v. Paton, 261 F.Supp. 110, 116, n. 20 (D.Conn.1966).

The defendants argue that several named defendants are improper parties.

■ For the reasons so fully set forth by Judge Friendly in Law Students Civil Rights Research Council, Inc. v. Wadmond, 299 F.Supp. 117, 123 (S.D.N. Y.1969), the Court determines that Judge Coleman and the class he represents are proper parties. This lawsuit, being a Rule 23(b) (2) class action, can achieve at most injunctive relief, and the arguments for a judicial immunity from suit are not persuasive in such cases.

■ The Attorney General is not a proper party. His duties are precisely enumerated in Virginia law. Va.Code § 2.1–117, et seq. (1966 Repl.Vol.) The Code provides that he may institute criminal proceedings only in a narrow range of cases, including those "involving violations of the * * * laws relating to motor vehicles and their operation. * * * " Va.Code § 2.1–124 (1966 Repl. Vol.). The Attorney General may therefore conduct prosecutions for the offense of driving while intoxicated, Va.Code § 18.1–54 (1960 Repl.Vol.). The institution of a criminal prosecution of this nature and subsequent acquittal by reason of the defendant's alcoholism would serve as grounds for commitment under § 18.1–200.1. Therefore it can be said that the Attorney General has some connection with the application of the statute which brings about the contested incarceration. Compare Rodriguez v. San Antonio Independent School District, 299 F.Supp. 476 (W.D.Tex.1969); Johnson v. Robinson, 296 F.Supp. 1165 (N.D.Ill.1967).

In this instance, however, no claim at all is made that the Attorney General has threatened the use of or has employed the narrow and discretionary powers possessed by his office which might enable him to bring about a commitment under § 18.1–200.1. Under the allegations it appears that, as to this defendant, the statute which brings about the contested results is desuetudenal. The complaint as to him will be dismissed. Poe v. Ullman, 367 U.S. 497, 81 S.Ct. 1752, 6 L.Ed. 2d 989 (1961).

The Governor's State-law duties do not encompass the initiation of criminal prosecutions. As to the administration of confinement facilities to which persons may be assigned under § 18.1–200.1, his actual authority is not entirely plain. The Director of the Department of Welfare and Institutions serves at his pleasure, Va.Code § 63.1–3 (1968 Repl. Vol.); therefore the Governor is not without some authority in the administration of these institutions. However, the Court has already held that any allegation of a right to the provision of rehabilitative facilities is without merit under § 1983. No other relief is demanded of the Governor than this, nor is it apparent why his joinder might be necessary either for declaratory relief or to make effective whatever injunctive orders, if any, are due the plaintiffs. As to the Governor, therefore, the motion to dismiss shall be granted.

The Court is concerned, however, over the possibility that certain absent parties ought to be joined as defendants before it proceeds to try the issues of declaratory and injunctive relief. Plainly those most immediately responsible for the decision to arrest, prosecute, and try individuals with a view to possible commitment or recommitment pursuant to § 18.1–200.1 and § 18.1–202 are local prosecutors and perhaps police officials. These indivduals could be joined without difficlulty. It may well be that the Court has a duty to join them on its own motion under Fed.Rules Civ. Proc. rule 19(a) (1) and rule 21, 28 U.S.C. The better practice as a preliminary matter is, however, to give the plaintiff an opportunity to move if and as he may deem appropriate to amend the complaint to add further defendants. Thaxton v. Vaughan, 321 F.2d 474 (4th Cir. 1963).

Insofar as the motion to dismiss is addressed to the merits of the claim that confinement without rehabilitative treatment and, further, among criminal convicts, is a form of cruel and unusual punishment and is violative of other rights guaranteed by § 1983, the decision will be postponed until trial on the merits. The Court declines to rule on constitutional issues of such consequence on the skeletal pleadings now before it. Cf. Yahr v. Resor, 431 F.2d 690 (4th Cir. Aug. 27, 1970). The proof at trial may enable the Court to resolve the case on narrower grounds than those now urged upon it. The defendants may renew their motion at any time, just as the plaintiffs may move to amend their complaint to conform to the evidence which emerges. Discretion impels the Court to avoid an abstract decision now on an alleged right to "treatment" for confined alcoholics or to incarceration different from that given criminals; a ruling either way would be too short on content and long on repercussions to constitute a workable legal rule. The case needs an ample record, Sas v. Maryland, 334 F.2d 506, 517 (4th Cir. 1964).

An order consistent with this memorandum shall enter. The remaining defendants then shall have ten days to answer, under the rules. Although plaintiffs may still have the right to amend their complaint without leave of Court upon the theory that the defendants' motion is not a "responsive pleading," Fed. Rules Civ.Proc. rule 15(a), 28 U.S.C., for the sake of precision and procedural convenience the Court shall order that leave to amend the complaint shall be granted at this time for a period until ten days after service of the answer, with the amended answer due ten days after service of the amended complaint.

## ORDER ALLOWING PROSECUTION OF CLASS ACTION AND RULING ON MOTION TO DISMISS

In accordance with the memorandum of the Court this day filed, it is ORDERED that:

1. The case may proceed as a class action pursuant to Fed.Rules Civ.Proc. rule 23(a) and rule 23(b) (2), 28 U.S.C., as to the plaintiff class, represented by the plaintiff Rakes, of all persons who have been committed pursuant to Va. Code § 18.1–200.1 (Supp.1970) or recommitted pursuant to Va.Code § 18.1–202 (Supp.1970) to the custody of the Department of Welfare and Institutions in regular penal institutions.

2. The case may proceed as a class action pursuant to Fed.Rules Civ.Proc. rule 23(a) and rule 23(b) (2), 28 U.S.C., as to the defendant class, represented by the defendant Coleman, of all judges empowered to commit persons pursuant to Va.Code § 18.1–200.1 (Supp.1970).

3. The motion to dismiss the complaint be, and the same is hereby, granted insofar as the complaint seeks injunctive relief from the enforcement of Va.Code § 18.1–237 (Supp.1970).

4. The motion to dismiss the complaint be, and the same is hereby, granted as to count two of the prayer for relief.

5. The motion to dismiss the complaint be, and the same is hereby, granted as to the defendants Holton and Miller

6. The ruling on the motion to dismiss the complaint insofar as it alleges that the commitment or recommitment of an alcoholic, pursuant to Va.Code § 18.1–200.1 (Supp.1970) and Va.Code § 18.1–202 (Supp.1970) without treatment, among criminal convicts, and for a longer term than that authorized for persons, not alcoholics, found guilty of the crime of which the alcoholic was acquitted, shall be postponed until trial of this case on the merits.

7. The motion to dismiss the complaint upon all other grounds be, and the same is hereby, denied.

8. Leave is granted to the plaintiff to amend his complaint as he may deem fit, such amended complaint to be filed within ten days of service of the answer.

Let the Clerk send a copy of the memorandum and this order to counsel of record for all parties.