554 F.2d 127
 Mary L. BANKS, on her own behalf and on behalf of all others
similarly situated in the State of Virginia, Appellants,
v.
MULTI-FAMILY MANAGEMENT, INC., Individually and as
representatives of the class of owners and/or managers of
housing complexes operated pursuant to 1236 of the National
Housing Act of 1968, and Carla Hills, Secretary United
States Department of Housing and Urban Development, Appellees.
 No. 76-1183.
 United States Court of Appeals,
Fourth Circuit.
 Argued Nov. 11, 1976.
Decided April 5, 1977.
 
 J. Barrett Jones, Richmond, Va. (James R. Jackson and John M. Levy, Neighborhood Legal Aid Society, Inc., Richmond, Va., on brief), for appellants.
 Barbara L. Herwig, Atty., Appellate Section, Civ. Div., Dept. of Justice, Washington, D. C., Barry A. Hackney, Richmond, Va., (Rex E. Lee, Asst. Atty. Gen., Washington, D. C., William B. Cummings, U. S. Atty., Alexandria, Va., William Kanter, Atty., Appellate Section, Civ. Div., Dept. of Justice, Washington, D. C., on brief), for appellees.
 Before WINTER, RUSSELL and WIDENER, Circuit Judges.
 WINTER, Circuit Judge:
 
 
 1
 Plaintiff, Mary L. Banks, a tenant in publicly subsidized housing, who was successful in preventing her own eviction, appeals from the district court's refusal to certify a class action and its dismissal of her complaint. We affirm.
 
 I.
 
 2
 Plaintiff's complaint, filed September 26, 1975, alleged that she had been given notice of the termination of her lease without a showing of good cause for termination, timely notice of the reasons therefor, and a hearing at which she could confront and cross-examine adverse witnesses and present her own evidence, all in violation of her fifth and fourteenth amendment rights. She sought interim and permanent injunctive relief against her landlord to prevent her eviction in violation of her rights, and she sought to have the Secretary of HUD ordered to adopt and implement rules requiring that landlords of publicly subsidized housing provide a pretermination notice of reasons for discontinuance of a tenancy and inform tenants of their due process rights. She also asked the district court to certify a plaintiff class, of which she would be the named representative of all persons presently residing, or who would in the future reside, in similar publicly subsidized housing in Virginia, and a defendant class of all owners and managers of such housing in Virginia of which her landlord would be the named representative.
 
 
 3
 Four days after the complaint was filed, the district court granted a temporary restraining order staying plaintiff's eviction. It deferred action on her request for class certification in order to afford the Secretary an opportunity to file her opposition.
 
 
 4
 The Secretary's opposition was filed on October 7, and on October 8 the landlord consented to the entry of a permanent injunction against it prohibiting it from evicting any tenant residing in plaintiff's apartment complex in violation of the tenant's constitutional rights to notice and hearing. Over plaintiff's objection, the district court entered the consent order and dismissed the complaint against the landlord. Subsequently the Secretary's motion to dismiss as to her was granted, again over plaintiff's objections, on the ground that, having gained the individual relief that she sought, plaintiff lacked standing to proceed against the Secretary.
 
 
 5
 Plaintiff's appeal ensued; but after plaintiff appealed, the Secretary adopted regulations governing tenant eviction procedures for publicly subsidized housing. 41 Fed.Reg. 43,330 (1976) (to be codified in 24 C.F.R. §§ 450.1-450.10). The regulations apply to all "new tenants" whose leases authorizing occupancy in subsidized projects are executed on or after October 30, 1976, or whose occupancy of the leased premises begins on or after November 14, 1976. The regulations apply to all other tenants, including existing tenants, with respect to all rental agreements in which a renewal becomes effective on and after November 29, 1976, or the failure to exercise a right to terminate is unexercised on or after that date.
 
 II.
 
 6
 In this appeal, plaintiff complains only of the district court's failure to certify the plaintiff class; she does not question its failure to certify the defendant class. We see no error.
 
 
 7
 The district court was well within its discretion in deferring its ruling on the request for a plaintiff class until the Secretary could respond and voice any opposition that she might wish to interpose. Jones v. Diamond, 519 F.2d 1090 (5 Cir. 1975); Weathers v. Peters Realty Corp., 499 F.2d 1197, 1200 (6 Cir. 1974); Frankel, Some Preliminary Observations Concerning Civil Rule 23, 43 F.R.D. 39, 40-42 (1968). That opposition was timely filed; but before the questions that it raised could be addressed and any class certified, the landlord's consent to a permanent injunction intervened, thereby rendering plaintiff an inappropriate representative for the class sought to be certified. Board of School Commissioners v. Jacobs, 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975). See also Franks v. Bowman Transportation Co., 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444, 455-57 (1976).
 
 
 8
 We agree with the district court that Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), and Sosna v. Iowa, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975), did not require certification after plaintiff's personal claim in the suit against her landlord was satisfied. While both of these authorities permit relation back certification where the controversy is such that the claim will become moot as to the named plaintiff before the court can reasonably be expected to rule on a motion for certification of a class, this is not such a case. There is nothing inherent in the nature of plaintiff's claim which would cause it to become moot before certification; there is no certainty that other landlords of publicly subsidized housing will not litigate future cases.
 
 III.
 
 9
 The same facts which lead us to conclude that the district court correctly dismissed the complaint as to the landlord indicate the correctness of the district court's other conclusion that plaintiff lost standing to continue the litigation against the Secretary. When the landlord consented to an injunction against it, plaintiff was no longer "injured in fact"; she would not benefit in any tangible way from any further court intervention with regard to the Secretary; and she was no longer an adequate representative of the class. Warth v. Seldin, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); O'Shea v. Littleton, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974); Linda R.S. v. Richard D., 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973); Sierra Club v. Morton, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972). Even if we accept her allegation that she may wish to move to other publicly subsidized housing, not covered by the consent decree, this is not injury in fact; it is only a remote possibility. Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed.2d 450, 463-64 (1976).
 
 
 10
 Moreover, on its merits, plaintiff's alleged cause of action against the Secretary appears to be moot. The Secretary has adopted regulations. It is true that they are not immediately effective with respect to all tenants of publicly subsidized housing, but the time that they will be effective as to all tenants is not far off, and in the interim the number of potential cases like that of plaintiff is decreasing as a function of time. Indeed, it is unclear how many tenants, if any, are now so situated and how many landlords, if any, would undertake terminations of tenancies in violation of the principles embodied in the regulations. We think it doubtful that plaintiff can continue to claim an active case or controversy with the Secretary, Weinstein v. Bradford, 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975), and for this reason her appeal may be subject to dismissal.
 
 IV.
 
 11
 In a motion to us under Rule 60, F.R.Civ.P., plaintiff suggests that the consent injunction against her landlord should be corrected to make it applicable to all publicly subsidized housing owned or managed by the landlord rather than simply the apartment complex where plaintiff resides. The motion is one for the district court and should be made to it after our mandate issues.
 
 
 12
 AFFIRMED.