Charles P. FISHER, Plaintiff,

v.

J. Marshall COLEMAN, Attorney General of the Commonwealth of Virginia and Richard H. Barrick, Commonwealth's Attorney of Charlottesville, Virginia, Defendants.

Civ. A. No. 78–0040(C).

United States District Court,
W. D. Virginia,
Charlottesville Division.

Sept. 19, 1979.

Steven D. Rosenfield, Charlottesville, Va., for plaintiff.

James E. Moore, Asst. Atty. Gen., Richmond, Va., for defendants.

### MEMORANDUM OPINION

DALTON, District Judge.

Plaintiff, Charles P. Fisher, brings this suit under 42 U.S.C. § 1983 alleging certain constitutional claims; to wit: 1) that § 4–51, of the Virginia Code, insofar as it employs the term "habitual drunkard" is void for vagueness on its face and as applied to him, in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and 2) that § 4–62(2), of the Virginia Code, making it a misdemeanor for one interdicted as an "habitual drunkard" to purchase alcohol, as applied to alcoholics such as himself, is cruel and unusual punishment in contravention of the Eighth Amendment to the United States Constitution.

On the basis of these claims, the plaintiff seeks a declaratory judgment that both §§ 4–51 and 4–62(2), of the Virginia Code, are unconstitutional and injunctive relief enjoining enforcement of § 4–62(2), of the Virginia Code, against him by either of the defendants, Mr. Barrick, Commonwealth's Attorney for the City of Charlottesville, and Mr. Coleman, Attorney General of Virginia. This action is currently before the court on defendants' motion for summary judgment.

The facts leading up to this action are as follows. On June 27, 1977, the plaintiff was adjudicated an "habitual offender" pursuant to § 4–51, of the Virginia Code, after a hearing in the Circuit Court of the City of Charlottesville. On authority of § 4–51, of the Virginia Code, the court entered an order of interdiction against Mr. Fisher, the effect of which is to prohibit his purchase of alcoholic beverages. See § 4–62(1) and (2) of the Virginia Code. At the interdiction hearing the Commonwealth's Attorney introduced abstracts of convictions which showed that plaintiff had been convicted of public drunkenness on fifty-nine (59) separate occasions from January, 1975, through March, 1977. John Keith Connors, a counselor to the Charlottesville General District Court and employed by the Charlottesville Alcoholism Treatment Center, testified that he was familiar with defendant's case history, having interviewed plaintiff on some eighty (80) or more occasions, during a period of four years, when plaintiff was before the General District Court on charges of

public drunkenness. Mr. Connors testified further, that plaintiff had been medically treated at Western State Hospital for Alcoholism, but has failed to respond to treatment or demonstrate an effort to resolve his alcoholism.

■ It is well settled law that one whose conduct clearly falls within the terms of statutory regulations or prohibitions does not have standing to challenge such statutory provisions as being facially overbroad or vague. *Broadrick v. State of Oklahoma*, 413 U.S. 601, 608–610, 93 S.Ct. 2908, 2913–2914, 37 L.Ed.2d 830 (1973); *United States v. National Dairy Products Co.*, 372 U.S. 29, 83 S.Ct. 594, 9 L.Ed.2d 561 (1963); *Williams v. United States*, 341 U.S. 97, 71 S.Ct. 576, 95 L.Ed. 774 (1951); *Robinson v. United States*, 324 U.S. 282, 286, 65 S.Ct. 666, 668, 89 L.Ed. 944 (1945).

■ The plaintiff's fifty-nine (59) convictions for public drunkenness during a period of slightly over two years, together with Mr. Connors' testimony that plaintiff is an incorrigible public drunk, certainly engenders a reasonable basis upon which a court could conclude that plaintiff is an "habitual drunkard." Plaintiff's primary argument is that the term "habitual drunkard" lacks precision in its definition. Specifically, plaintiff complains that another court could find one to be an "habitual drunkard" based upon substantially different evidence. The United States Supreme Court has uniformly held, however, that notwithstanding the possible application of a given statute to others, where a statute does not regulate First Amendment freedoms, claims of overbreadth and vagueness may not be brought by persons whose actions fall clearly within the terms of the statute in question. *Broadrick v. State of Oklahoma, supra.*

■ Plaintiff next contends that since § 4–51, of the Virginia Code, does not precisely define the term "habitual drunkard", it is unconstitutionally vague as applied to him. As was stated above, the plaintiff's admitted conduct clearly falls within the terms of § 4–51, of the Virginia Code, and the application of the statute to him does not violate due process standards. The Constitution does not require a precise statutory definition for every essential term used in a statute, but merely requires that the terms used have a meaning which would give a person of ordinary intelligence fair notice that his conduct is forbidden by the statute. *United States v. Harriss*, 347 U.S. 612, 617, 74 S.Ct. 808, 811, 98 L.Ed. 989 (1954); cited in *United States v. National Dairy Products Corp.*, 372 U.S. at 32–33, 83 S.Ct. at 597–598. The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed. *United States v. Harriss*, 347 U.S. at 617, 74 S.Ct. at 811. In determining whether a statute is unconstitutionally vague as to plaintiff, the court must consider the facts of the particular case at hand. *United States v. Mazurie*, 419 U.S. 544, 95 S.Ct. 710, 42 L.Ed.2d 706 (1975).

■ Under the standard announced in *United States v. Harriss, supra* and reaffirmed in *United States v. National Dairy Products Corp., supra*, the statute in question is clearly not unconstitutionally vague as applied to the plaintiff. The plaintiff cannot reasonably argue that he was not forewarned by the terms of § 4–51, of the Virginia Code, that he would be covered by the term "habitual drunkard", particularly in light of his admitted alcoholism for over fourteen years, his repeated arrests and convictions for public drunkenness, (i. e. fifty-nine convictions from January, 1975 through March, 1977), and his failure to make any effort to respond to court ordered medical treatment. Furthermore, there is no contention on plaintiff's part that had the statute's coverage been known to him he would have acted differently. Quite the contrary, plaintiff's testimony was that notwithstanding application of the law to him, he would continue to pursue his past conduct. (pages 23–24 of the transcript of the June 27, 1977 hearing which appears as Appendix A., of Plaintiff's Brief in Opposition).

Plaintiff's contention that the provisions of § 4–51, of the Virginia Code, are unconstitutionally vague because they do not sufficiently apprise those charged with its enforcement of the parameters of the statute, is also unavailable to him. The United States Supreme Court made it clear in *United States v. Mazurie, supra,* that "vagueness challenges to statute which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." 419 U.S. 544, at 550, 95 S.Ct. 710, at 714 *et seq.* This standard applies when assessing the constitutional clarity of the terms of a statute from the standpoint of those required to apply the statute. 419 U.S. 544, at 552–553, 95 S.Ct. 710, at 715.

The term "habitual drunkard" does have a meaning which is sufficiently precise; a meaning which, when applied to the plaintiff's conduct clearly supports a finding, by one applying § 4–51, of the Virginia Code, that Fisher is an "habitual drunkard" within the intendment of the statute. The individual terms of the statute are sufficiently precise in their ordinary meaning to include plaintiff's conduct. "Habitual" is defined in the following terms: "of the nature of a habit; done constantly or repeatedly." The term "drunkard" is defined, in part, as one who is habitually drunk, and the term "drunk" is defined as being "intoxicated with alcoholic liquor to the point of impairment of physical and mental faculties; inebriated." *The American Heritage Dictionary of the English Language* (1976). Viewed together, the common meaning of the terms habitual drunkard clearly encompasses one who, like the plaintiff, is admittedly in the continual habit of being intoxicated from alcohol. Additionally, the evidence before the court is that plaintiff's intoxication is repeatedly "public" intoxication, that he has no home, and that he is a continual burden to the judicial and health systems of the state. With the additional evidence in mind, it can hardly be contended that one applying § 4–51, of the Virginia Code, could not reasonably determine that plaintiff's conduct is within the intendment of the term

"habitual drunkard." The states are vested with broad police powers in regard to the regulation of the sale and consumption of alcohol to protect the health, safety and welfare of its citizens. *Carter v. Commonwealth,* 321 U.S. 131, 64 S.Ct. 464, 88 L.Ed. 605 (1949). To suggest that any court would be required to speculate as to the application of § 4–51, of the Virginia Code, to this plaintiff's behavior is to ignore the apparent purpose of the statute in question. The common meaning of statutory terms are sufficiently precise to satisfy constitutional standards where there is no indication that they are used in a special context. *Compare Grayned v. City of Rockford,* 408 U.S. 104, 110, 92 S.Ct. 2294, 2299, 33 L.Ed.2d 222 (1972). Nevertheless, it is always true that the fertile legal imagination can conjure up hypothetical cases in which the meaning of terms can be disputed. *American Communications Association v. Douds,* 339 U.S. 382, 412, 70 S.Ct. 674, 690, 94 L.Ed. 925 (1950).

After a thorough review of the facts in the present case, the court is constrained to conclude that the term "habitual drunkard," as used in the context of § 4–51, of the Virginia Code, is sufficiently precise to inform this plaintiff and those required to apply the statute that this plaintiff's behavior clearly falls squarely within the terms of the statute. Section 4–51, of the Virginia Code, therefore, is not impermissibly vague as applied to this plaintiff. *United States v. Mazurie, supra ; United States v. National Dairy Products Co., supra.*

Next plaintiff contends that because he is an alcoholic, the Eighth Amendment to the United States Constitution prohibits the enforcement of such criminal statutes as Virginia Code § 4–62(2) against him. Section 4–62(2), of the Virginia Code, makes it a misdemeanor for one, like plaintiff, interdicted as an habitual drunkard to purchase alcoholic beverages. Plaintiff contends that such criminal punishment for the purchase of alcohol would clearly violate the Eighth Amendment's prohibition against cruel and unusual punishment.

In regard to plaintiff's Eighth Amendment claim, the case of *Powell v. Texas*, 392 U.S. 514, 88 S.Ct. 2145, 20 L.Ed.2d 1254 (1968), appears to be controlling. In *Powell* the Supreme Court of the United States, rejected the argument that the enforcement of criminal laws prohibiting public drunkenness against an alcoholic constitutes cruel and unusual punishment. By so holding, the court distinguished its holding in *Robinson v. California*, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962). In *Robinson* the Court ruled that a state law which imposed criminal penalties on the mere status of being an alcoholic violated the Eighth Amendment. In *Powell* the Court held that while one could not be criminally punished for the status of being an alcoholic, one who is an alcoholic could be criminally punished consistent with the Eighth Amendment, for specific conduct involving the use of alcohol; such as public drunkenness. The court specifically rejected in *Powell* the notion that since the status of alcoholism could not be criminally punished under *Robinson*, conduct symptomatic of alcoholism (e. g. public drunkenness) was constitutionally protected as well. 392 U.S. at 521–522, 88 S.Ct. at 2148–2149. In so holding, the court overruled and made inapplicable the holdings in the cases of *Driver v. Hinnant*, 356 F.2d 761 (4th Cir. 1966) and *Easter v. District of Columbia*, 124 U.S.App.D.C. 33, 361 F.2d 50 (D.C.Cir.1966), insofar as those cases held that the Eighth Amendment bars criminal punishment of behavior symptomatic of alcoholism.

The court is constrained to conclude that the case at bar falls squarely within the holding of *Powell*. Section 4–62(2), of the Virginia Code, does not make the status of alcoholism a criminal offense, but merely makes specific behavior (e. g. the purchase of alcoholic beverages by one who is interdicted) unlawful. This law in no way violates the Eighth Amendment when it is made applicable to an alcoholic. *Powell v. Texas, supra.*

Further, while the unequivocal language of *Powell* states that "There is widespread agreement today that 'alcoholism' is a 'disease' . . . ." 392 U.S. at 522, 88 S.Ct. at 2149, there is not a factual determination that alcoholism causes involuntary or uncontrollable symptomatic behavior such as alcohol consumption, purchase or public drunkenness. The record in this case is devoid of any evidence that plaintiff's purchase of alcohol is compulsive and uncontrollable. Quite the contrary, plaintiff states that he likes to drink and has no intention of quitting simply because of the interdiction order. (Plaintiff's brief in opposition, Appendix A, pp. 23–24). There is no suggestion that plaintiff's drinking is completely involuntary on his part. Further, Mr. Connor testified that there is no scientific determination to date that addiction to alcohol is biological and therefore uncontrollable by one's will. Accordingly, the provisions of § 4–62(2), of the Virginia Code, cannot be said to violate the prohibitions of the Eighth Amendment when applied to an alcoholic, since the statute makes criminal specific behavior which the state has a legitimate interest in regulating. *Powell v. Texas, supra.*

Plaintiff also argues that Title 37.1 of the Virginia Code demonstrates the General Assembly's intent to preclude criminal prosecution of alcoholics under laws regulating the use of alcohol. While § 37.1–1(15), of the Virginia Code, defines "mentally ill" to include alcoholics, this definition is only for the limited purposes of chapter 2 of Title 37.1 (§ 37.1–63 *et seq.*) *See* § 37.1–1(15). Chapter 2 of Title 37.1 deals solely with civil admissions of the mentally ill, including alcoholics, to hospitals for treatment. The upshot of including alcoholics within the term mentally ill persons under Chapter 2 of Title 37.1, therefore, is merely to permit their voluntary or involuntary civil commitment for treatment to hospitals treating the mentally ill. There is certainly no suggestion in the statutes referred to, that alcoholics may not be prosecuted for crimes involving use of alcohol. *See* §§ 37.1–64—37.1–70, 37.1–72, 37.1–73 and 37.1–74. In short, no statute referred to by the plaintiff reveals the slightest intention on the part of the General Assembly to

insulate alcoholics from operation of criminal laws governing behavior relating to the use of alcohol.

Finally, the plaintiff has made the Attorney General of Virginia a party defendant, alleging that he is a proper defendant in light of § 2.1–124 of the Virginia Code which authorizes the Attorney General to enforce the Alcoholic Beverage Control Law. The mere fact that the Attorney General is clothed with enforcement power, does not warrant making him a defendant for purposes of injunctive relief against enforcement of § 4–62(2). Also the speculative fear of possible future enforcement of a law by a particular official does not warrant injunctive relief against that official. *Poe v. Ullman,* 367 U.S. 497, 81 S.Ct. 1752, 6 L.Ed.2d 989 (1961); *Rakes v. Coleman,* 318 F.Supp. 181, 192–193 (E.D.Va.1970). The plaintiff does not assert any actual threatened enforcement of § 4–62(2) by the Attorney General nor does he cite any history of prior enforcement of § 4–62(2) by the Attorney General against himself or others. Accordingly, the plaintiff's claim against defendant J. Marshall Coleman must be dismissed.

For the reasons cited above the court is constrained to conclude that the plaintiff lacks standing to claim that § 4–51, of the Virginia Code, is unconstitutionally vague or overbroad; that the enforcement of § 4–62(2), of the Virginia Code, against the plaintiff would not constitute cruel and unusual punishment forbidden by the Eighth Amendment; and that the defendant Coleman is not a proper party. Accordingly the court will issue an appropriate order granting defendants' motion for summary judgment.