Charles P. FISHER, Appellant,

v.

J. Marshall COLEMAN and Richard H. Barrick, Appellees.

No. 79–1693.

United States Court of Appeals,
Fourth Circuit.

Argued Aug. 19, 1980.

Decided Jan. 27, 1981.

Deborah C. Wyatt and Steven D. Rosenfield, Charlottesville, Va., for appellant.

James E. Moore, Asst. Atty. Gen., Richmond, Va. (Marshall Coleman, Atty. Gen., Richmond, Va., on brief), for appellees.

Before RUSSELL, WIDENER and PHILLIPS, Circuit Judges.

PER CURIAM:

Fisher appeals from a summary judgment which rejected his constitutional challenge to two Virginia statutes which, respectively, allow state courts to interdict the sale of alcoholic beverages to one adjudged an "habitual drunkard," and make it a misdemeanor for anyone to sell alcoholic beverages to one known to be under such an interdiction order or for the person under interdiction to purchase or possess alcoholic beverages. We affirm.

In his action under 42 U.S.C. § 1983 against the Attorney General and a Commonwealth Attorney of the State of Virginia, Fisher claimed that: (1) Virginia Code § 4–51, insofar as it employs the term "habitual drunkard" as a predicate for interdiction, is void for vagueness on its face and as applied to him in violation of the Fourteenth Amendment; (2) Virginia Code § 4–62(2), making it a misdemeanor for a person interdicted as an "habitual drunkard" under § 4–51 to purchase or possess alcohol, violates the Eighth Amendment's proscription of cruel and unusual punishment.

In a thorough, well-reasoned opinion, the district court held (1) that Fisher lacked standing to challenge the interdiction provisions of Va.Code § 4–51 on vagueness and overbreadth grounds because,

viewed both from his perspective or that of enforcing officials, his undisputed conduct (*inter alia*, fifty-nine convictions for public drunkenness over a period of slightly more than two years prior to his interdiction) fell clearly within the challenged language, citing, *inter alia, Broadrick v. State of Oklahoma*, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973); (2) that, on the authority of *Powell v. Texas*, 392 U.S. 514, 88 S.Ct. 2145, 20 L.Ed.2d 1254 (1968), the provisions of Va.Code § 4–62(2), making it a crime for one interdicted as an habitual drunkard to purchase or possess alcoholic beverages do not threaten cruel and unusual punishment; and (3) that the Attorney General of the State was not a proper party because not engaged in direct enforcement of the challenged statutes.

Because not necessary to decision, we express no opinion on the issue whether the Attorney General was a proper party. Upon a consideration of the record, the briefs, and the arguments of counsel before this court, we affirm the district court's judgment on the merits for reasons sufficiently stated by that court. *Fisher v. Coleman*, 486 F.Supp. 311 (W.D.Va.1979).

*AFFIRMED.*