**Virginia HARRIS, Plaintiff,**

v.

**George W. BAILEY, Sheriff et al., Defendants.**

**Civ. A. No. 81–0001(C).**

United States District Court,
W. D. Virginia,
Charlottesville Division.

March 25, 1981.

On Class Certification April 30, 1981.

D. Brock Green, Charlottesville, Va., for plaintiff.

Gregory M. Luce, Asst. Atty. Gen., Richmond, Va., for defendants.

## MEMORANDUM OPINION

MICHAEL, District Judge.

### I.  INTRODUCTION

Plaintiff, Virginia Harris, proceeding *in forma pauperis*, filed this action seeking declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 to invalidate the garnishment procedures permitted by Virginia

Code (1950) (as amended) §§ 8.01–511 *et seq.*, as violative of the due process and supremacy clauses of the United States Constitution.[1] Jurisdiction is conferred upon this court by virtue of 28 U.S.C. §§ 1343(3) and (4). Plaintiff's action for declaratory relief is authorized by 28 U.S.C. §§ 2201, 2202 and Rule 57 of the Federal Rules of Civil Procedure. Plaintiff's action for injunctive relief is authorized by 28 U.S.C. §§ 2202 and Rule 65 of the Federal Rules of Civil Procedure.

Defendants have filed a motion to dismiss claiming that this case is moot and must be dismissed for lack of a constitutionally required "case or controversy"; that plaintiff is without standing to prosecute this complaint; and that the complaint fails to state a claim upon which relief can be granted against the Attorney General of the Commonwealth of Virginia. The issues have been briefed and argued by counsel, and the matter is now ripe for disposition.

## II. STATEMENT OF FACTS.

The plaintiff, Virginia Harris, is a 65 year old widow who has been receiving Social Security retirement benefits for approximately one year. Until August, 1980, when the plaintiff received her Social Security checks, she would deposit some of the benefits in a checking account with Fidelity American Bank, and would take some benefits in cash to buy necessities. As of August 20, 1980, the plaintiff had approximately $200 to $300 in her checking account attributable to Social Security retirement benefits.

In May, 1980, the Rector and Visitors of the University of Virginia t/a University of Virginia Hospital ("Hospital") obtained a money judgment against plaintiff and pro-

ceeded to attempt collection of that judgment by initiating a summons in garnishment against plaintiff's checking account. This garnishment was served on the garnishee, Fidelity American Bank, on August 20, 1980, by "agents" of the defendant Sheriff Bailey. The bank answered the garnishment and sent to the defendant clerk the entire balance of plaintiff's checking account, notifying plaintiff of such action on August 25, 1980. Plaintiff's attorney challenged the garnishment by a motion to quash which was set for an evidentiary hearing in the General District Court of Albemarle County on January 5, 1981, three days after this suit was filed. The basis of plaintiff's motion to quash in state court was the exemption of Social Security benefits from garnishment under 42 U.S.C. § 407.[2] By consent of counsel, the state evidentiary hearing was continued to January 19, 1981. In the interim, counsel for the plaintiff and counsel for the hospital agreed to settle the matter. An agreement concerning the amount and return of plaintiff's Social Security funds was reached and a final order effectuating the agreement and dismissing the case was entered on January 16, 1981.

## III. MERITS OF PLAINTIFF'S CLAIM.

■ Defendants contend that this case is now moot and must be dismissed for lack of a constitutionally required "case or controversy". As noted in *DeFuvis v. Odegaard*, 416 U.S. 312, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974), determining questions of mootness begins with the proposition that "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *Id.* at 316, 94 S.Ct. at 1704, citing *North Carolina v.*

---

1. Plaintiff has brought this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2), stating that the class consists of all judgment debtors with personalty in the Commonwealth of Virginia, who are or may be subject to having their personalty garnished pursuant to Virginia Code §§ 8.01–511 *et seq.*, and which personalty is exempt from execution by virtue of state or federal law. At this point, the court has not ruled on plaintiff's motion for class action certification.

2. 42 U.S.C. § 407 holds:

The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

*Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971). The inability to review moot cases derives from the "case or controversy" requirement of federal jurisdiction premised in Article III of the Constitution. *Liner v. Jafco,* 375 U.S. 301, 306 n.3, 84 S.Ct. 391, 394 n.3, 11 L.Ed.2d 347 (1964).

The court now finds that the case at bar is moot because a ruling by this court on the issues presented by the plaintiff would have no impact upon the plaintiff's circumstances. The relief sought by plaintiff was the restoration of those funds attributable to Social Security which were garnished. Clearly, the settlement of the garnishment action in state court restored those funds to the plaintiff. Having now recovered those funds from the hospital who garnished them, plaintiff no longer has a "live" case or controversy. This case has ceased to touch legal relations of parties having adverse legal interests. *DeFuvis v. Odegaard, supra,* 416 U.S. at 317, 94 S.Ct. at 1706, citing *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937).[3]

Even though plaintiff no longer has an economic stake in this action, she contends she is entitled to a determination of the merits of her claim on the following rationale: (1) She has filed a class action; (2) she has requested declaratory relief; and (3) this factual situation is capable of repetition, yet would evade review.

The court now finds that where no class has been certified, mootness of the named plaintiff's claim is grounds for dismissal of the action. As the United States Supreme Court has held:

> "A named plaintiff whose claim expires may not continue to press the appeal on the merits until a class has been certified." *U.S. Parole Comm'n v. Geraghty,* 445 U.S. 388, 400, 100 S.Ct. 1202, 1211, 63 L.Ed.2d 479 (1980).

That decision did not overrule the established principle that:

> ". . . . if none of the named plaintiffs purporting to represent a class establishes the requisites of a case or controversy with the defendants, none may seek relief on behalf of himself and any other members of the class." *O'Shea v. Littleton,* 414 U.S. 488, 494, 94 S.Ct. 669, 674, 38 L.Ed.2d 674 (1972) followed in *Sosna v. Iowa,* 419 U.S. 393, 403, 95 S.Ct. 553, 559, 42 L.Ed.2d 532 (1975).[4]

In sum, the mootness of plaintiff's claim compels the court to dismiss such claim for failure to satisfy Article III requirements.

Additionally, the court finds that plaintiff's claim is not saved from mootness because declaratory relief is sought. Although plaintiff has requested declaratory relief, the constitutional limitation on the federal judiciary to consider only actual cases or controversies governs this action. As the Supreme Court held in *Poe v. Ullman,* 367 U.S. 497, 506, 81 S.Ct. 1752, 1757, 6 L.Ed.2d 989 (1961):

> "For just as the declaratory judgment device does not 'purport to alter the character of the controversies which are the subject of the judicial power under the

---

3. Additionally, the change in plaintiff's circumstances came about by her own actions and those of other persons not party to this suit. Therefore, the line of cases standing for the proposition that "the voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case" is inapposite. *See United States v. W. T. Grant Co.,* 345 U.S. 629, 632, 73 S.Ct. 894, 897, 97 L.Ed. 1303 and other cases cited at 416 U.S. at 318, 94 S.Ct. at 1706. This doctrine is applicable only where there is a *unilateral* change on the part of the alleged wrongdoer. The parties defendant hereto were not involved in any fashion with the settlement of the state court action.

4. *Sosna, supra.,* and each case cited thereafter by plaintiff, involved a plaintiff whose claim was *not moot* at the time the class was certified, and whose claim became arguably moot during the course of the later proceedings. The position advocated by this particular plaintiff is that a case may not be dismissed, even when no representative with a live claim or controversy is identified, so long as a class action is sought. The court finds such a proposition to be plainly without legal precedent and expressly prohibited by Article III and the ruling in *Sosna, supra,* and later cases.

Constitution,' *United States v. State of West Virginia,* 295 U.S. 463 [55 S.Ct. 789, 79 L.Ed. 1546] .... it does not permit litigants to invoke the power of this Court to obtain constitutional rulings in advance of necessity.... *The Court has been on the alert against use of the declaratory judgment device for avoiding the rigorous insistence on exigent adversity as a condition for evoking Court adjudication."* (Emphasis added).

The hypothetical case now presented by plaintiff is that she may in the future have Social Security funds garnished. While this may be possible, it is not clearly imminent, nor does it present a case of exigent adversity to the parties defendant. *Id. Also see United States v. SCRAP,* 412 U.S. 669, 93 S.Ct. 2405, 37 L.Ed.2d 254 (1973). Accordingly, the court finds that there is a lack of concreteness in the factual circumstances of this claim and that there are no exigent legal adversities necessary between the parties to conclude the existence of an actual case or controversy.

▇▇ Additionally, the court finds that though plaintiff's case may be capable of repetition, it would not evade review.[5] There is nothing inherent in actions for garnishment that would defy judicial review. A Motion to Quash is readily available in state court in the event of garnishment and indeed was used in this case. Further, such a Motion to Quash may raise all the issues of constitutional and lesser nature for full adjudication in the state court system. Nothing known to the court could prevent the raising and adjudication of the issues under a Motion to Quash which are asserted in the complaint in this case.

▇▇ Finally, the court finds that the complaint fails to state a claim upon which relief can be granted against the Attorney General. Plaintiff alleges that the Attorney General is a proper defendant because as the Chief Executive Officer of the Department of Law for the Commonwealth of Virginia, he is responsible for the interpretation and enforcement of all laws of the Commonwealth. However, the mere fact that the Attorney General is clothed with enforcement power does not warrant making him a defendant for purposes of injunctive relief against enforcement of the garnishment statute. More than a speculative fear of enforcement of a challenged provision by an officer is required. *Fisher v. Coleman,* 486 F.Supp. 311 (1979), *aff'd on other grounds,* 639 F.2d 191 (4th Cir. 1981); *citing Poe v. Ullman,* 367 U.S. 497, 81 S.Ct. 1752, 6 L.Ed.2d 989 (1961); *Rakes v. Coleman,* 318 F.Supp. 181 (E.D.Va.1970). Accordingly, plaintiff's claim against defendant J. Marshall Coleman must be dismissed.

The issue of class certification need not be addressed due to the failure of plaintiff's claim.

For the reasons cited above, the court will issue an appropriate order granting defendants' Motion to Dismiss and directing each side to bear the cost of its litigation.

## ON CLASS CERTIFICATION

### I. PROCEDURAL HISTORY OF THE CASE

Plaintiff, Virginia Harris, proceeding *in forma pauperis,* filed this action on January 2, 1981, seeking declaratory and injunctive relief under 42 U.S.C. § 1983 to invalidate the garnishment procedures permitted by Virginia Code (1950) (as amended) §§ 8.01–511 *et seq.,* as being unconstitutional. On January 28, 1981, plaintiff filed a Motion for Class Certification. Defendants filed their Motion to Dismiss on January 29, 1981. By Memorandum Opinion and Order entered March 25, 1981, this court granted

---

**5.** The "avoiding review" doctrine is applicable to circumstances in which a case becomes moot *during litigation* and not prior to litigation. *DeFuvis v. Odegaard,* 416 U.S. 312, 319, 94 S.Ct. 1704, 1707, 40 L.Ed.2d 164 (1974). Also, the doctrine is only applicable where the court finds that the factual basis for the controversy is, by its very nature, likely to be of limited duration. *Southern Pacific Terminal Co. v. ICC,* 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911); *see e. g., Super Tire Engineering Co. v. McCorkle,* 416 U.S. 115, 126, 94 S.Ct. 1694, 1700, 40 L.Ed.2d 1 (1974); *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975).

defendants' Motion and dismissed plaintiff's individual claim for reasons of mootness. The court had thought the issue of class certification had been properly resolved by the language of the first opinion, wherein it is stated, "The issue of class certification need not be addressed due to the failure of plaintiff's claim." Memorandum Opinion at page 566. This language read in context with the case law plainly enunciating the appropriate standards, clearly resolved the issue. In light of the Motion of counsel for the plaintiff to Rescind Judgment Pending Consideration of Request for Class Certification, this opinion will set out the governing case law.[1]

## II. THE ISSUE OF CLASS CERTIFICATION

The court now finds that the dismissal of plaintiff's individual claim deprives her of standing to seek class certification.[2] Additionally, the court must conclude that there is no existing "case or controversy" as required by Article III of the Constitution. Therefore, the court lacks jurisdiction to grant class certification. As was held in the case of *Booth v. Prince George's County, Maryland*, 66 F.R.D. 466, 476 (D.Md.1975):

> [W]here a normal plaintiff is dismissed from the class action because there is no case or controversy between him and the defendant and where the class itself has not been properly certified in accordance with Rule 23(c), *the complaint of the class must be simultaneously dismissed for failure to set forth a case or controversy as required by Article III of the Constitution.*

(Emphasis added).

Accordingly, the court is without jurisdiction to consider the plaintiff's Motion for Class Certification. *See* 7A Wright & Miller, *Federal Practice and Procedure*, § 1776,

---

1. The courts have approved deferral of class certification pending a determination of preliminary motions to dismiss. *Banks v. Multi-Family Management, Inc.*, 554 F.2d 127 (4th Cir. 1977). In *Banks*, the Fourth Circuit made it clear that a district court has discretion to defer ruling upon class certification by holding:

   > The district court was well within its discretion in deferring its ruling on the request for a plaintiff class until the [defendant] could respond and voice any opposition [it] might wish to interpose. *Jones v. Diamond*, 519 F.2d 1090 (5th Cir. 1975); *Weathers v. Peters Realty Corp.*, 499 F.2d 1197, 1200 (6th Cir. 1974); Frankel, "Some Preliminary Observations Concerning Civil Rule 23," 43 R.F.D. 39, 40–42 (1968).

   Similarly, in the case of *Shelton v. Pargo*, 582 F.2d 1298, 1306 (4th Cir. 1978), the Fourth Circuit held:

   > [T]he District Court need not make a certification determination, or give notice to absent members of the class or classes certified, before it disposes of the motion to dismiss.

2. "[A] class representative must be a part of the class and 'possess the same interest and suffer the same injury' as the class member." *East Texas Motor Freight System, Inc. v. Rodriquez*, 431 U.S. 397, 405, 97 S.Ct. 1891, 1897, 52 L.Ed.2d 453 (1977); *citing Schlesinger v. Reservists Committee To Stop the War*, 418 U.S. 208, 216, 94 S.Ct. 2925, 2929, 41 L.Ed.2d 706 (1974) (other citations omitted); *Kremens v. Bartley*, 431 U.S. 119, 97 S.Ct. 1709, 52 L.Ed.2d 184 (1977) (other citations omitted); *Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975); and others. This long standing rule has been frequently enunciated by the Fourth Circuit in construing the requirements of Rule 23, to wit:

   > Rule 23(a) sets forth the "mandatory requirements" that must be satisfied for the maintenance by a plaintiff of a class action; and, ... a plaintiff does not satisfy the burden that is his in order to qualify as a proper representative to maintain such an action merely because of his or her race *or because he designates his action as a class action* ... To satisfy the requirements of Rule 23, there must be a class of individuals raising the same claims or defenses too numerous for joinder and the plaintiff must be a representative of that class with a claim "typical of the claim or defenses of the class" both "*at the time the complaint is filed, and at the time the class is certified by the District Court pursuant to Rule 23,* ... "

   (Emphasis added.)

   *Shelton v. Pargo, supra* at 1312; *citing Doctor v. Seaboard Coast Line R. Co.*, 540 F.2d 699, 706–707 (4th Cir. 1976).

   This case is now under consideration without any named plaintiff representative of the purported class. Such an anomaly is not possible under proper application of Rule 23 and therefore no class may be certified. *East Texas Motor Freight, Inc. v. Rodriquez, supra.* The named plaintiff has no common claim typical to those of the putative class members because she has no justiciable claim at all.

pp. 35–38; *also see Banks, supra* at 128, *citing Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975).

### III. CONCLUSION

For reasons stated above, the court must conclude that no justiciable issue is extant, and must decline to rule on class certification. An appropriate Order will issue overruling the Motions of plaintiff for Class Certification.