COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Clements and Senior Judge Willis
Argued at Alexandria, Virginia


JAMES EDWARD JACKSON

                                                        OPINION BY
v.        Record No. 1999-03-4                JUDGE JERE M. H. WILLIS, JR.
                                                        NOVEMBER 2, 2004
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                           Donald M. Haddock, Judge

                Teresa E. McGarrity, Assistant Public Defender (Sterling Sandow
                Larnerd, Assistant Public Defender, on brief), for appellant.

                Eugene Murphy, Assistant Attorney General (Jerry W. Kilgore,
                Attorney General, on brief), for appellee.


        On appeal from his conviction of possession of alcohol by an interdicted person, in violation

of Code § 4.1-322, James Edward Jackson contends (1) that Code § 4.1-322 violates the Eighth

Amendment by imposing criminal punishment for the status of being an alcoholic; (2) that the

constitutionality of Code § 4.1-322 is predicated on outdated medical knowledge; (3) that

incarceration for violation of Code § 4.1-322 offends the Eighth Amendment by imposing a

criminal punishment disproportionate to the severity of the offense; and (4) that Code § 4.1-322

violates the Equal Protection Clause of the Fourteenth Amendment by treating homeless alcoholics

disparately.  We affirm the judgment of the trial court.

                                        BACKGROUND

        On November 22, 1994, pursuant to Code § 4.1-333, a circuit court declared Jackson an

habitual drunk and entered an order of interdiction.  On May 30, 2003, the police found Jackson

outside a restaurant, intoxicated and in possession of a bottle of rum.  Jackson testified that he had

been arrested approximately 390 times, primarily for alcohol-related offenses. He stated that since the interdiction order, he had received sentences ranging from sixty days to seven months and had not remained out of jail for any period longer than a month. He testified that although he knows that it is illegal for him to drink, he cannot stop drinking. He presented to the trial court six "articles" he had obtained from the Internet about alcoholism. These were lodged with the court and made part of the record. He moved to dismiss the charge based on the four grounds he raises on appeal. The trial court denied the motion to dismiss, convicted Jackson of possession of alcohol by an interdicted person, and imposed a ninety-day jail term.

ANALYSIS

I

Jackson first contends that Code § 4.1-322 offends the Eighth Amendment by punishing the status of being an alcoholic. He relies on Robinson v. California, 370 U.S. 660 (1962). In Robinson, the United States Supreme Court held that a statute making it criminally punishable to be a person addicted to narcotics imposed cruel and unusual punishment and violated the Eighth Amendment. The Court noted that the defined crime was the mere status of being addicted to drugs and that the statute required no illegal act or conduct for the imposition of punishment. However, in Powell v. Texas, 392 U.S. 514 (1968), the Supreme Court held constitutional a statute that punished appearing drunk in public, despite evidence of Powell's alcoholism. The Powell Court rejected the argument that public drunkenness was symptomatic of alcoholism and that Robinson forbade imposition of criminal sanctions on chronic alcoholics for public drunkenness. The Powell Court held that

> appellant was convicted, not for being a chronic alcoholic, but for being drunk in public on a particular occasion. The State of Texas thus has not sought to punish a mere status, as California did in Robinson; nor has it attempted to regulate appellant's behavior in the privacy of his own home. Rather, it has imposed upon appellant a criminal sanction for public behavior which may create substantial

health and safety hazards, both for appellant and for members of the general public, and which offends the moral and esthetic sensibilities of a large segment of the community.

Id. at 532.

Applying Powell, Fisher v. Coleman, 486 F. Supp. 311 (W. D. Va. 1979), aff'd, 639 F.2d 191 (4th Cir. 1981), held that the federal interdiction statute, prohibiting an habitual drunkard from purchasing alcohol, did not violate the Eighth Amendment proscription against cruel and unusual punishment. The Court held that the statute "cannot be said to violate the prohibition of the Eighth Amendment when applied to an alcoholic, since the statute makes criminal specific behavior which the state has a legitimate interest in regulating." Id. at 316 (citing Powell).

Code § 4.1-322 states, in pertinent part:

[n]o person who has been interdicted pursuant to [Code] § 4.1-333 or § 4.1-334 shall possess any alcoholic beverages . . . nor be drunk in public in violation of Code § 18.2-388. Any interdicted person found to be in violation of this section shall be guilty of a Class 1 misdemeanor.

Code § 4.1-322 imposes no criminal sanction for the status of being an alcoholic. It forbids specific behavior: possession of alcohol and public drunkenness by interdicted persons. Therefore, in accord with Powell and Fisher, we hold that Code § 4.1-322 does not violate the Eighth Amendment by punishing status or by imposing cruel and unusual punishment.

II

Jackson argues that reliance on Powell and Fisher is misguided because those cases were founded on outdated medical knowledge about the "disease" of alcoholism. He asserts that current medical knowledge concerning alcoholism regards the "disease" as one involving a lack of control and volition. The record does not support this contention. Although Jackson included with his motion a series of articles he obtained from the Internet, it is unclear whether these articles were admitted into evidence or were considered by the trial court. However, they were lodged with the

court, and are part of the record. Rule 5A:7. Nevertheless, nothing in the record establishes the authoritative value of the articles or the qualifications of their authors. One article is a newspaper report of events taking place in the Illinois court system. The record contains no expert testimony concerning whether Jackson is an alcoholic or what the "disease" of alcoholism involves. "An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief, or statements of counsel in open court. We may act only upon facts contained in the record." Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993). We do not have before us a record adequate to permit the determinations Jackson challenges us to make. We cannot, in this case and on this record, decide whether the constitutionality of the statute is based on outdated medical knowledge. Furthermore, suggestions for changes in societal views on the causes and effects of alcoholism and their impact on the laws of this state should be addressed to the legislature.

### III

Jackson next asserts that incarcerating habitual drunks and exposing them to the penalties of a Class 1 misdemeanor is disproportionate to the severity of the crime, thus offending the Eighth Amendment. Code § 4.1-333 allows a circuit court to interdict an "habitual drunk." "The habitual drunkard encompasses one who, like [appellant], is admittedly in the continual habit of being intoxicated from alcohol." Fisher, 486 F. Supp. at 315. "The states are vested with broad police powers in regard to the regulation of the sale and consumption of alcohol to protect the health, safety, and welfare of its citizens." Id. The Virginia legislature has determined that an habitual drunk who cannot conform his behavior to appropriate societal norms should be forbidden to possess alcohol or to appear in public while intoxicated under penalty of a misdemeanor conviction and up to twelve months in jail and/or a $2,500 fine. Jackson received a ninety-day jail sentence. He concedes that he has been arrested, primarily for alcohol-related offenses, 390 times.

"The Eighth Amendment, which forbids cruel and unusual punishment, contains a 'narrow proportionality principle' that 'applies to noncapital sentences.'" Ewing v. California, 538 U.S. 11, 20 (2003) (citation omitted). The United States Supreme Court "'has on occasion stated that the Eighth Amendment prohibits imposition of a sentence that is grossly disproportionate to the severity of the crime.' But '[o]utside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare.'" Id. at 21 (citations omitted). "Reviewing courts, of course, should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals." Solem v. Helm, 463 U.S. 277, 290 (1983). "Our traditional deference to legislative policy choices finds a corollary in the principle that the Constitution 'does not mandate adoption of any one penological theory.'" Ewing, 538 U.S. at 25 (citation omitted).

Assuming without deciding that a misdemeanor conviction and ninety-day sentence merits proportional analysis, given Jackson's long history of arrests and continued failure to abide by the interdiction order, we cannot say that his sentence was "grossly disproportionate" to the crime he committed. The legislature has deemed it appropriate to impose greater sanctions on the interdicted drunk's repetitive offenses than are prescribed for simple public drunkenness. We do not consider the possibility of a twelve-month sentence disproportionate to the offense when the offender, as here, has been arrested 390 times, has served numerous incarcerations, and has once again been found in a public place, intoxicated and in possession of alcoholic beverages. Trial and appellate courts "do not sit as a 'super legislature' to second-guess" legislative choices concerning penological policy and sentencing ranges. Id. at 28.

That Virginia sanctions these offenders more harshly than other states, as Jackson claims, is of little persuasive value. "[O]ur Constitution 'is made for people of fundamentally differing

views.' . . . Absent a constitutionally imposed uniformity inimical to traditional notions of federalism, some States will always bear the distinction of treating particular offenders more severely than any other State." Rummell v. Estelle, 445 U.S. 263, 282 (1980).

We hold that neither the sentence imposed on Jackson nor the possible range of punishment violates the Eighth Amendment protections against excessive and disproportionate penalties.

IV

Finally, Jackson contends that Code § 4.1-322 violates the Equal Protection Clause of the Fourteenth Amendment by treating homeless alcoholics disparately.

> This Court has been reluctant to declare legislative acts unconstitutional, and will do so only when the infirmity is clear, palpable, and practically free from doubt. We accord every legislative act a presumption of constitutionality. Accordingly, we will uphold statutory classifications if they bear some rational relationship to a legitimate legislative interest or purpose. We have said that classification ordinarily will be upheld "if any state of facts can be reasonably conceived that would support it." But where the statute creates a "suspect classification" (e.g. race, sex, or religion) or where it affects a fundamental constitutional right, the presumption of constitutionality fades, and the "strict scrutiny" test, rather than the more relaxed "rational relationship" test applies.

Mahan v. NCPAC, 227 Va. 330, 335-36, 315 S.E.2d 829, 832 (1984) (citations omitted).

We do not address whether homeless alcoholics comprise a "suspect" or "non-suspect" class. The record fails to establish that Jackson is a member of the class. No expert testified that Jackson is an alcoholic by medical standards. He provided some articles of uncertain authority and weight, testified that he could not control his consumption of alcohol, and recounted his extensive criminal history of arrests due to alcohol-related offenses. The trial court made no finding that Jackson is an alcoholic. Further, the record is devoid of any evidence that Jackson is homeless. The warrant of arrest states an address for him, and the statement of facts contains no finding that he is homeless. The only suggestion that he is homeless comes from assertions of counsel. We do not

consider assertions that are not supported by the record.  <u>Smith</u>, 16 Va. App. at 635, 432 S.E.2d at 6.

Because the record does not establish that he is a homeless alcoholic, Jackson lacks standing to challenge the constitutionality of the statute based on this alleged classification.  "As a general rule, where a statute is constitutional as applied to a litigant, the litigant has no standing to challenge the statute on the ground that it may be unconstitutional on its face, that is, as applied to a third person in a hypothetical situation."  <u>Esper Bonding Company v. Commonwealth</u>, 222 Va. 595, 597, 283 S.E.2d 185, 186 (1981) (citation omitted).

The judgment of the trial court is affirmed.

<u>Affirmed.</u>