# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Commonwealth of Virginia

v.

Jose Reyes

September 19, 2006

Case No. CM06000177

By Judge Lisa B. Kemler

This matter is before me on the Defendant's Motion to Dismiss. The Defendant was adjudicated interdicted in 2002 and, on June 19, 2006, was charged with being drunk in public in violation of Virginia Code § 4.1-322. Virginia Code § 4.1-322 provides, in pertinent part, as follows:

> No person who has been interdicted pursuant to § 4.1-333 or § 4.1-334 shall possess any alcoholic beverages ... nor be drunk in public in violation of § 18.2-388.

Violation of the aforesaid statute is a Class 1 misdemeanor and carries a sentence of up to twelve months in jail and/or a $2,500 fine.

He was found guilty in the General District Court and sentenced to serve 270 days in jail. He, thereafter, filed a notice of appeal to the Circuit Court. The Defendant sought to have the charge dismissed based on three grounds. First, the Defendant argues that the interdiction statutes, §§ 4.1-322 and 4.1-333, violate the Equal Protection Clause because (1) the interdiction statutes provide no rational basis for distinguishing the culpability of individuals who are subject to interdiction for habitual drunkenness, and (2) the statutory scheme impermissibly increases the punishment for an offense on

the basis of an individual's status as a habitual drunkard. Second, the Defendant argues that the interdiction statutes violate the Eighth Amendment's prohibition against cruel and unusual punishment in that they criminalize and punish a status, i.e., the status of being an alcoholic. Third, the Defendant argues that convicting and punishing him for possession or consumption of alcoholic beverages under § 4.1-322 would violate the Due Process Clause of the Fourteenth Amendment because he was not appointed a guardian ad litem at the time of the interdiction hearing in 2002.

Following an evidentiary hearing, I rejected the equal protection claim finding that interdicted alcoholics are not a protected class and, therefore, the Equal Protection Clause is not implicated. Also, relying on *Pigg v. Commonwealth*, 17 Va. App. 756, 441 S.E.2d 216 (1994), I rejected the due process claim. I took the Eighth Amendment claim under advisement.

Based upon my review of the applicable authorities, the Defendant's motion to dismiss on Eighth Amendment grounds is denied. Here, the Defendant is being prosecuted and facing punishment, "not for being a chronic alcoholic, but for being drunk in public on a particular occasion" and, therefore, he is not facing criminal sanction for his mere status. *Jackson v. Commonwealth*, 44 Va. App. 218, 222-23, 604 S.E.2d 122 (2004), quoting from *Powell v. Texas*, 392 U.S. 514, 532, 88 S. Ct. 2145, 20 L. Ed. 2d 1254 (1968).