COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Huff, Judges Chafin and Russell
Argued by teleconference

UNPUBLISHED

CHARLES WESLEY OLMSTEAD

v.      Record No. 1104-14-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE TERESA M. CHAFIN
MAY 5, 2015

FROM THE CIRCUIT COURT OF BEDFORD COUNTY
James W. Updike, Jr., Judge

Matthew L. Pack for appellant.

Eugene Murphy, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Background

Charles Wesley Olmstead ("appellant") was convicted, upon his plea of no contest, of

two counts of felony solicitation of a minor by use of a communications system under Code

§ 18.2-374.3(C) and five counts of criminal solicitation as a second or subsequent offense. On

May 23, 2014, the trial court sentenced appellant to fifty years' imprisonment. On appeal,

appellant contends that his sentence violates the Eighth Amendment of the United States

Constitution's prohibition against cruel and unusual punishment because the sentence is grossly

disproportionate to the crimes committed. For the reasons that follow, we disagree and affirm

the sentencing decision of the trial court.

Facts

In March of 2013, appellant, who lived in New York, used a computer to contact a

detective in Bedford County posing as a thirteen-year-old girl. On March 16, 2013, appellant

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

stated that he wanted to make love to the thirteen year old and to have children with her. He

stated that he wanted her to fondle herself and to allow him to fondle her and digitally penetrate

her. He then turned on his webcam and masturbated while exposing himself. He repeated this

conduct on March 22 and April 4, 2013. He informed the officer posing as the thirteen year old

that he could not leave New York because he was on probation for a sex offense. He then

contacted a second investigator posing as a fourteen year old on July 20, 2013, and proposed

intercourse and exposed himself.

At sentencing, a proffer of the evidence that would have been presented by the

Commonwealth had the case proceeded to trial revealed that appellant was on mandatory parole

in New York for a sexual offense. As a condition of parole, he was not permitted to have a

computer or to access the internet. However, computers seized from his residence in New York

contained numerous images of child pornography.

While in jail for the offenses at issue in this appeal, appellant made twenty-five to thirty

phone calls to underage girls, whom he had previously contacted, soliciting phone sex.

After taking into account evidence and sentencing guidelines, the trial court imposed a

sentence of fifty years in prison. Appellant filed a motion to reconsider, which the trial court

denied without a hearing.

<u>Analysis</u>

Appellant contends his sentence of fifty years' imprisonment for seven counts of

solicitation of a minor was cruel and unusual punishment.[1] More specifically, he argues that due

---

[1] The Commonwealth argues that this issue was not preserved in the trial court and, thus, is waived under Rule 5A:18. The rationale of Rule 5A:18 "is to allow correction of an error if possible during the trial, thereby avoiding the necessity of mistrials and reversals." <u>Gardner v. Commonwealth</u>, 3 Va. App. 418, 423, 350 S.E.2d 229, 232 (1986). As the Commonwealth correctly points out, there is no specific discussion of "cruel and unusual punishment" or the Eighth Amendment. Appellant did, however, argue that the sentence suggested by the

- 2 -

to his age,[2] his sentence is equivalent to one of life without parole.  Additionally, appellant

contends that the sentence is disproportionate to the crimes for which he pled guilty.

> We review the trial court's sentence for abuse of discretion.  Given
> this deferential standard of review, we will not interfere with the
> sentence so long as it "'was within the range set by the
> legislature'" for the particular crime of which the defendant was
> convicted.  Jett v. Commonwealth, 34 Va. App. 252, 256, 540
> S.E.2d 511, 513 (2001) (quoting Hudson v. Commonwealth, 10
> Va. App. 158, 160-61, 390 S.E.2d 509, 510 (1990)).

Scott v. Commonwealth, 58 Va. App. 35, 46, 707 S.E.2d 17, 23 (2011) (citation omitted).  "To

the extent that appellant's argument . . . raises a question of constitutional interpretation, that

issue is reviewed *de novo*."  Johnson v. Commonwealth, 63 Va. App. 175, 182, 755 S.E.2d 468,

471 (2014) (citing Lawlor v. Commonwealth, 285 Va. 187, 240, 738 S.E.2d 847, 877 (2013)).

This Court declines to engage in a proportionality review in cases that do not involve life

sentences without the possibility of parole.  Cole v. Commonwealth, 58 Va. App. 642, 653-54,

712 S.E.2d 759, 765 (2011).

> The United States Supreme Court . . . has never found a non-life
> "sentence for a term of years within the limits authorized by statute
> to be, by itself, a cruel and unusual punishment" in violation of the
> Eighth Amendment.  Hutto v. Davis, 454 U.S. 370, 372 (1982)
> (*per curiam*) (quoting with approval Davis v. Davis, 585 F.2d
> 1226, 1229 (4th Cir. 1978)).  And for good reason:  "[T]he
> excessiveness of one prison term as compared to another is
> invariably a subjective determination, there being no clear way to
> make 'any constitutional distinction between one term of years and
> a shorter or longer term of years.'"  Hutto, 454 U.S. at 373
> (citation omitted).  *We thus agree that proportionality review "is
> not available for any sentence less than life imprisonment without*

---

Commonwealth was "excessive" and asked for "a sentence that justifies the crime committed in this case."  In addition, appellant filed a motion to reconsider in which he challenged the trial court's decision not to run any of the mandatory minimum sentences concurrently.  It is clear that the trial court understood the basis of appellant's objection, and thus, we address the merits of appellant's argument.

[2] Appellant was thirty-nine years old at the time of the sentencing hearing.

> *the possibility of parole."* United States v. Malloy, 568 F.3d 166, 180 (4th Cir. 2009) (quoting United States v. Ming Hong, 242 F.3d 528, 532 (4th Cir. 2001))[.]

Id. (emphasis added).[3]

Appellant has not been sentenced to life imprisonment without parole and is not entitled to a proportionality review under this Court's precedent. In fact, under Code § 53.1-40.01

---

[3] In United States v. Cobler, 748 F.3d 570 (4th Cir. 2014), the Fourth Circuit rejected the rationale in Ming Hong. Judge Keenan noted as follows:

> We disagree with our esteemed concurring colleague's view that revisiting our dictum in cases such as Ming Hong is "unnecessary" because "[a] finding that proportionality analysis is available is scarcely outcome determinative" given the severity of Cobler's crimes. Post at 25. Indeed, *Ming Hong and some of our other cases did not merely concern the applicability of a mode of "analysis," but wrongly suggested that any judicial "review" of proportionality challenges "less than life imprisonment without the possibility of parole" would be foreclosed.* See Ming Hong, 242 F.3d at 532. *Such a sweeping prohibition conflicts with our decision in Rhodes and "seems plainly incorrect in light of the Supreme Court's observation in Solem that 'no penalty is per se constitutional,'" as one of our sister circuits already has observed.* United States v. Kidder, 869 F.2d 1328, 1333 n.5 (9th Cir. 1989) (quoting Solem, 463 U.S. at 290). Our recognition of this conflict is necessary because the Supreme Court's statement in Graham that proportionality review applies to "a sentence for a term of years," 560 U.S. at 60, does not independently supersede our dictum in Ming Hong limiting such review to life sentences, given that the Supreme Court construes the phrase "term of years" to include a life sentence. See, e.g., Graham, 560 U.S. at 70 (noting that Solem, which involved a sentence of life imprisonment without parole, was "the only previous case striking down a sentence for a term of years as grossly disproportionate").

Id. at 579 n.3 (emphasis added).
However, as recently noted by the Supreme Court of Virginia, "[w]hile this Court considers Fourth Circuit decisions as persuasive authority, such decisions are not binding precedent for decisions of this Court." Toghill v. Commonwealth, ___ Va. ___, ___, 768 S.E.2d 674, 677 (2015).

appellant would be eligible for parole after serving twenty years.[4] See Angell v. Commonwealth, 281 Va. 248, 273-75, 704 S.E.2d 386, 401-02 (2011) (juvenile sentenced to three life sentences not sentenced to life without parole because of availability of geriatric parole).

Even if proportionality review were available in this case, the result would not change. Appellant pled guilty to seven counts of the serious offense of solicitation of minors, presented as thirteen or fourteen years of age, and masturbated on camera before them on at least four occasions. After his plea, he made twenty-five to thirty phone calls from the jail to minors seeking phone sex. Each of the crimes of which appellant was convicted carry a minimum mandatory sentence of five or ten years imprisonment. See Code § 18.2-374.3(C). The legislature clearly insisted upon heavy punishment for these offenses. "The Supreme Court has explained that '[s]evere, mandatory penalties may be cruel, but they are not unusual in the constitutional sense, having been employed in various forms throughout our Nation's history.'" Malloy, 568 F.3d at 180 n.14 (quoting Harmelin v. Michigan, 501 U.S. 957, 994-95 (1991)).

> "Reviewing courts, of course, should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals." Solem v. Helm, 463 U.S. 277, 290 (1983).

Jackson v. Commonwealth, 44 Va. App. 218, 225, 604 S.E.2d 122, 125 (2004).

---

[4] Code § 53.1-40.01 states that,

> [a]ny person serving a sentence imposed upon a conviction for a felony offense, other than a Class 1 felony, (i) who has reached the age of sixty-five or older and who has served at least five years of the sentence imposed or (ii) who has reached the age of sixty or older and who has served at least ten years of the sentence imposed may petition the Parole Board for conditional release.

Conclusion

For the above-stated reasons, we find that appellant's sentence does not violate the Eighth

Amendment prohibition against cruel and unusual punishment.

Affirmed.